# Brace *v.* Catlin.

### In the Court below,

### NATHANIEL BRACE, *Plaintiff;* ABIJAH CATLIN, *Defendant.*

THIS was an action of *indebitatus assumpsit*, in which the plaintiff declared, that he had conveyed to the defendant, at his request, a certain piece of land, and the defendant, in consideration thereof, promised to pay the plaintiff as much money, as said land was reasonably worth.

Plea *non assumpsit;* issue to the jury ; and verdict for the defendant.

On the trial, the plaintiff read in evidence his deed of said land to the defendant, dated the 11th of November, 1798, which contained an acknowledgment, in the usual form, that the consideration of 200*l.* had been received by the plaintiff, for said land, to his full satisfaction. The defendant then offered in evidence a certain writing, executed by the plaintiff, in these words:

*Harwinton, May* 15*th*, 1789.

" This day, received of *Abijah Catlin* five pounds lawful " money, in full satisfaction of all debts, dues, and de-"mands, whatever.    As witness my hand,

" *Nathaniel Brace.*"

To the admission of which the plaintiff objected, on the ground, that it purported to be a *discharge* from the plaintiff, whereby the defendant was acquitted from the plaintiff's demand.    The Court overruled the objection,

*A writing in these words " Received of A. B. 5l. in full satisfaction of all demands," is a discharge within the meaning of the statute regulating pleas, and cannot be admitted, under the general issue, as evidence of the payment of 5l. of the debt or duty, for which the action is brought.*

1804.

BRACE
v.
CATLIN.

and permitted the writing to be read in evidence, not as a discharge, but as evidence of payment of five pounds. The plaintiff then offered certain evidence, (a) which was objected to by the defendant, and rejected by the Court. A bill of exceptions was filed by the plaintiff, for the admission of the former evidence, and the rejection of the latter, on which the case was brought before this Court.

*Smith*, (of Woodbury) and *Gould*, for the plaintiff, contended, that the writing, which the Superior Court suffered to be given in evidence, under the general issue, was a discharge, and ought, if the party would have availed himself of it, to have been pleaded specially. (b) It makes no difference with what *view* the Court admitted this instrument. In whatever light they might consider it, its nature was the same. The only question, therefore, is, what was its legal operation? If the force and effect of it was a discharge, it ought not to have been admitted. The operative words were " in full of all demands." It is usual to insert a certain sum, that it may appear to have been given for value received ; but the amount of that sum does not affect the operation of the instrument. This writing exactly answered the description of the statute ; it extinguished every claim, which, at the time, existed ; it was an act of the plaintiff, by which the defendant was saved from the plaintiff's demand. If it had been pleaded specially, and demurred to, would it not have been a *bar* ?

*Ingersoll*, and *Daggett*, for the defendant, contended,

(a) The principal questions, which were made by the counsel in argument, regarded this evidence ; but as the case was decided by the Court, upon the other point solely, a particular statement is omitted.

(b) *Stat.* 349.

that as this action was upon the implied promise, a dis-
charge might be given in evidence under the issue of
*non assumpsit.*

The judgment was reversed.

BY THE COURT. The statute regulating pleas excepts
from matters, which may be given in evidence under
the general issue, *a discharge from the plaintiff, his ac-
cord, and every other special matter, whereby the defend-
ant, by the act of the plaintiff, is saved or acquitted from
the plaintiff's demand.*

It is manifest from the tenor of this instrument, that
it was intended to be a *bar* to all suits, of whatever na-
ture, which the plaintiff might bring against the defend-
ant, for cause of action prior to its date. It is this un-
derstanding of it only, that gives meaning and effect to
the terms "in full satisfaction of *all* debts, dues, and
demands, whatever." But, although it extends and ap-
plies equally to every suit, that might be brought, it can-
not be evidence, in every suit, that 5*l.* of the original
debt or duty declared upon has been paid. It cannot,
therefore, be such evidence, in any particular suit. Nor
could it be intended as evidence, in any case, that any
definite portion of the 5*l.* had been paid on the original
debt or duty, in such case; for no definite portion of it
is either expressed, or ascertainable with reference to any
case.

The instrument is evidence of an accord, with satis-
faction, that 5*l.* was accepted, *in lieu* of any right of ac-
tion against the defendant, which the plaintiff had. It is so
to be taken, both because it has the customary form used
in such cases, in this State, and because it cannot, as we

have seen, be taken otherwise. It is, therefore, within the exception of the statute.

If barely the circumstance, that an instrument contains evidence of the payment of a sum of money, renders it admissible under the general issue, the statute will be defeated ; for almost every discharge or acquittance under the hand of the party contains such evidence. The payment, however, in such cases, as in the present case, is not the payment or performance of the original debt or duty, but of what the party receiving has accorded to accept, *in lieu thereof ;* and it is the accord only, a fact not enquirable into under the general issue, that gives relevancy to the payment.