1806.

## Anderson *v.* Henshaw.

In the Court below,

WILLIAM ANDERSON, and ROYLANCE CHILD, *Plaintiffs* ;
DANIEL HENSHAW, and BENJAMIN WILLIAMS, *Defendants.*

In an action of book debt, a writing, executed by the plaintiff, acknowledging the receipt of a bill of exchange, which, when paid, was to be in full of the plaintiff's account, may be given in evidence, by the defendant, on the general issue.

A. having an account on book against B. and C. merchants in company, received of them a bill of exchange, which, when paid, was to be in full of the account; this bill being protested, E. after the dissolution of the partnership, took it up, with A.'s receipt thereon in these words—*Received the within amount per bill on J. A.*—held, that in an action against B. and C. for the original demand, no evidence was admissible, to shew that the latter bill had not been paid.

In an action against two partners, one of them pleaded the statute of limitations in bar, which plea was adjudged insufficient ; held, that this did not preclude the other defendant from afterwards pleading the general issue.

And a verdict being found for the latter defendant, on the general issue, final judgment may be rendered in favour of both to recover their costs.

THIS was an action of book-debt against the defendants as merchants in company.

*Henshaw* pleaded the statute of limitations in bar, stating specially the facts relied on, to bring the case within the statute.

This plea, being demurred to, was adjudged insufficient.

*Williams* pleaded the general issue of *nil debet.*

On trial to the jury, the plaintiffs exhibited their accounts, duly authenticated, by which it appeared, that on the 23d of May, 1796, there was a balance due them from the defendants, of £162 : 7 : 11-2 sterling. *Williams*, in order to prove payment of that balance, offered in evidence a receipt, executed by *Child*, of the following tenour :

*Middletown, 23d May, 1796.*

" Received, this day, Mr. *Daniel Henshaw's* set of exchange,
" at ninety days sight, on Messrs. *Wainwright, Howard & Co.*
" Liverpool, value *one hundred and sixty-two pounds, seven-*
" *shillings, one penny, half-penny,* sterling, and Mr. *Benja-*
" *min Williams'* draft at sixty days' date, on Mr. *Isaac Riley,*

" New-York, value *seven hundred and twenty-one dollars*, " *thirty-five cents*, which, when paid, will be in full for the " above account." By the " account" here mentioned, it appeared, was meant the whole account, as stated that day, against both of the defendants, which, by the acknowledgment of the parties, was £ 324 : 14 : 3, sterling. It appeared, also, that at that time, the partnership was dissolved between *Williams* and *Henshaw ;* and it was conceded by the plaintiffs, that *Williams'* draft on *Riley* had been duly paid. The defendant, *Williams*, insisted, that by the terms of the receipt, the bill on *Wainwright*, *Howard & Co.* when paid, was in full of the balance remaining due after deducting the draft on *Riley ;* and was proper evidence to go to the jury on the general issue. The plaintiffs objected to the admission of the evidence offered, on the ground that it did not go to prove, that the balance was paid ; and further urged, that it was incompetent for the defendant to exhibit the receipt under the general issue, inasmuch as, at most, it proved only an accord and agreement to receive the bill in payment *when paid ;* and that, in order to avail himself of the receipt, the defendant ought to have pleaded this matter by way of accord and satisfaction. The Court overruled the objection, and allowed the receipt to be read. In order to counteract this evidence, the plaintiffs read a regular protest of *Henshaw's* bill for non-acceptance ; to rebut the effect of which, the defendant exhibited a receipt on the original bill, in these words :

" Received, 31st of July, the within amount *per* bill on " Mr. *Joseph Adcock*.

*Anderson & Child.*"

To rebut this evidence, the plaintiffs then offered to prove, that the bill on *Adcock* was payable out of a contingent fund, and that it had been protested for non-payment. To the admission of the evidence last specified, the defendant objected, insisting that no proof could be admitted to shew the terms of the bill on *Adcock*, or that it had never been paid ; that by receiving that bill, the plaintiffs' debt on book was discharged ; and that the evidence offered was irrelevant.

M m

1806.

ANDERSON
v.
HENSHAW.

The defendant, at the same time, stated that the bill on *Adcock* was accepted by him, before it was receipted on the first bill ; which fact was not denied by the plaintiffs. The Court rejected the evidence ; and a verdict was found for the defendants to recover their costs. A bill of exceptions was filed by the plaintiffs.

*Ingersoll*, and *Dwight*, for the plaintiffs in error.

1. The receipt could not be given in evidence under the general issue. By the statute regulating pleas, &c. it is provided—" That the general issue of not guilty, " &c. or any other general plea, &c. may be made by the " defendant, under which general plea, the defendants shall " have liberty upon trial of the case, on such general issue, " to give his title in evidence, or any other matter in his " defence or justification, as the nature of the action may " be ; excepting only *a discharge* from the plaintiff, or " *his accord*, or *some other special matter*, whereby the de- " fendant, *by the act of the plaintiff*, is saved or acquitted " from the plaintiff's demand in the declaration." (*a*)

This may be held to be an *accord*. " Accord is an agree- " ment between two persons, to give and accept something " in satisfaction of a debt, &c." (*b*) The bill here given and accepted, was *something* in *satisfaction*. It was not in itself payment. The delivery of a bill of exchange, under the circumstances in which this was given, is never a payment. By negligence, the holder may make it his own ; and in this way, *eventually* it may operate as a payment. But the pur- pose, for which this bill was given, is expressed in the re- ceipt. It was to be in satisfaction of this debt *when paid*. This brings it directly within the definition of an accord ; and, of course, it ought to have been pleaded.

Should it be said, that this was a contingent transaction,

(*a*) *Stat.* 342, *edid.* 1796.
(*b*) 1 *Bac. Abr.* 41. *'Esp. Dig.* 229.

and executory—It is acknowledged, that it was so at the time ; but it was accepted to be in satisfaction on the contingency happening ; and that must have happened, if at all, before bringing the action. (c)

But whether an accord or not, the receipt amounts to a discharge, and ought to have been pleaded. The terms of the first receipt are—" *which, when paid will be in full.*"— To avail themselves of this receipt, they must shew, that the bill has been paid. This is attempted, by producing the bill itself, with a receipt indorsed. If this evidence proves that the contents of the bill have been paid, the two receipts amount to a receipt in full ; and, are, therefore, a *discharge*, which must be pleaded, and cannot be given in evidence.

At all events, these receipts are " *some other special matter*, " whereby the defendant, *by the acts of the plaintiff*, claims " to be *saved or acquitted* from the demand in the declara- " tion ;" and, therefore, by the terms of the statute, ought to have been pleaded.

2. The plaintiffs contend, that the Superior Court erred in rejecting the second protest.

The first receipt was produced to shew, that the defendants were *not indebted.* They were indebted notwithstanding their taking the bills of exchange, unless they could shew, that the bills were paid. *Williams'* bill, it was admitted, had been paid. To prove that the other had not, the plaintiffs produced a protest for non-acceptance. The defendants then introduced the bill itself with an endorsement in these words—" Received the within amount per " bill on *Joseph Adcock.*" Here was *prima facie* evidence of the payment of *Henshaw's* first bill, and of course, that the defendants, by the terms of the first receipt, were discharged. If, however, the plaintiffs could shew, that this bill had not been paid, they would of course shew, that the

(c) 1 *Bac. Abr*, 43. 1 *Com. Dig.* 135.

1806.

ANDERSON
*v.*
HENSHAW.

condition on which the plaintiffs' bill was received had not been fulfilled, and therefore, that the defendants were indebted. For this purpose, they offered a protest for nonpayment on the second bill. Was not this proper evidence to establish the point? The receipt was not—*received the contents*—simply ; for then it might have been plausibly urged that the bill was paid ; but it was—received the amount *per bill.* The receipt of this bill could not be a payment *in itself,* any more that the first ; because one bill of exchange is not a payment of another. It might operate as a payment, if the holder had been guilty of negligence, and thus incurred the risque. But, this is a point, which cannot be made here. If, indeed, ▇▇▇▇ had pleaded the facts, and claimed that we had been wanting in diligence, we might have set up our apology in the replication, and tried the issue. But we are precluded from that privilege, by the mode of procedure adopted by the defendants in this case. We go further, and say, that this bill, having been dishonoured, and not turning out to be what it purported to be, and what it was put off for, is a nullity. (*d*) Even the argument of the defendants' counsel, that where a bill is received in payment, the Court will ▇▇▇▇ he it paid, unless the contrary be shewn, implies, that the *contrary may be proved,* and if proved, that it ought to avail.

3. The evidence in support of the issue under *Williams'* plea, is in direct contradiction to the concessions on the record. It is a clear point, that a party must be bound by his own concessions. Nor can contradictory pleas be admitted even in England, where pleading double is allowed by statute. (*e*) *Non assumpsit* to the whole, and tender as to *part,* cannot be pleaded. (*f*) We have no statute for pleading double, nor is it ever allowed. In this case, *Henshaw,* one of

(*d*) 6 *Term. Rep.* 52, *Puckford* v. *Maxwell.* 7 *Term. Rep.* 241, *Alves* v. *Hodgson.* 1 *East* 55, *Farr* v. *Price.*

(*e*) 4 & 5 *Ann.* 2 *Stra.* 876, *Palmer* v. *Wadbrooke.*

(*f*) 4 *Term. Rep.* 194, *M'Clellan* v. *Howard.* 5 *Term Rep.* 97, *Jenkins* v. *Edwards.* '*Esp. Dig.* 232.

the defendants, has pleaded the statute of limitations, by which plea he acknowledges that the debt has not been paid, but claims that the plaintiffs have lost their remedy. This plea has been decided against him. *Williams*, the other defendant, pleads *nil debet ;* and in support of his defence, undertakes to shew, that *Henshaw* has paid the debt. Had *Henshaw* offered this evidence under his own plea, it would have been rejected instantly. But shall he avail himself of this advantage, under the defence of *Williams*, which he could not, under his own ?

It is agreed, that a discharge to one of two joint debtors, will operate in favour of both. But where one defendant has acknowledged before the Court, that he has not been discharged, the other cannot be allowed to prove, that this confession is not true.

4. The Court rendered judgment in favour of both defendants, that *they* should recover their cost, upon a verdict in favour of *one* only ; and where it appears on the record, by the confession of the *other* defendant, that he is indebted. *Henshaw* pleaded the statute of limita by which plea, he acknowledges the debt not to have been paid, but relies upon the statute to prevent a recovery. This plea is adjudged insufficient, and of course, judgment is rendered *against him ;* and yet, he obtains a judgment for his cost. This makes the record contradictory, and is absurd.

*Daggett*, and *Smith*, (of Woodbury,) for the defendants in error.

The objections to the judgment of the Superior Court grow chiefly out of the bill of exceptions.

1. The first is, that the receipt, on the 23d of May, 1796, and on the first bill of exchange, could not be given in evidence under the general issue. We contend, that such evidence was admissible. The issue joined was *owe nothing.*

1806.

ANDERSON
*v.*
HENSHAW.

Any thing which tends to shew no indebtedness at the date of the writ, is pertinent to the issue. Even a release, in this view of it, might have been given in evidence. In an action on an implied *assumpsit,* on the issue *non assumpsit,* any proof that the defendant did not assume at the date of the writ—such as a discharge—may be given in evidence. So may the statute of limitations on *nil debet,* in an action of debt. (*g*) It is argued, that our statute is more rigid, and will not permit such proof. We apprehend that the reverse is true, and that the statute, so far from abridging, actually enlarges the powers of the defendant under the general issue. The invariable practice, in book-debt actions, has been, to give full or partial payment in evidence on the plea *owe nothing.*

2. The second objection is, that the Court should have admitted the plaintiffs to repel the proof of payment, by shewing the protest of *Henshaw's* bill on *Adcock.* On this point, we observe, that when a creditor receives a bill in payment, the Court will presume it paid, unless the contrary be shewn. So is the case of *Hebden* v. *Hartsinck.*(*h*) And what is conclusive on the part of this case, years after the bill on *Wainwright & Co.* was received, and after the dissolution of the copartnership of *Henshaw & Williams,* the plaintiffs, *Anderson & Child,* take *Henshaw's* bill on *Joseph Adcock*—deliver up the bill with a receipt in full thereon.—Now this transaction certainly discharges the original book-debt against *Henshaw* and *Williams.* It would, indeed, be unjust, that now *Williams* should be subjected. This point was expressly decided by Lord KENYON, in *Evans* v. *Drummond.* (*i*) Indeed, the original receipt of the creditor was, that when the bill on *Wainwright & Co.* was paid, it should be in full of the demand on book. But that bill is paid, and taken up. The defendant produces it receipted thus—" Received the within per bill on *J. Adcock.*"—This

(*g*) 1 *Salk.* 278. 2 *Stra.* 733.   '*Esp. Dig.* 168, *Dub. edit.* 1794. *Peake's Ev.* 248, *second Lond. edit.*

(*h*) 4 '*Esp. Rep.* 46.

(*i*) 4 '*Esp. Rep.* 89.

is surely satisfactory proof; and if the bill was not paid, and no *laches* is imputable to the holder, the drawer can be made liable for the payment.

3. It is further urged, that *Henshaw*, by pleading specially, has conceded that he owes. What has *Williams* to do with that concession? *Williams* has the right of pleading separately. He has exercised it agreeably to the provisions of law.

4. The counsel, however, insist, that judgment could not be rendered in favour of both defendants consistently with the facts apparent on the record.

We answer, that it is a clear rule of law, that the plaintiffs must recover *secundum allegata et probata*. Now, the plaintiffs, in this case, sue the defendants as jointly indebted to them on book. If this indebtedness is not proved, no recovery can be had against either. The verdict of the jury proves, that *Williams* was not indebted; and therefore the plaintiffs have failed to prove the issue, and of course judgment must be entered up for both defendants.

BY THE COURT,

The judgment was affirmed.