JOHNSTON *against* TAIT.

IN ERROR.

SLANDER in the Common Pleas of *Mercer.*

The declaration laid the words to have been spoken by *Tait* as follows: " It is a rascally business. There was a " collusion between *William Johnston*, the plaintiff meaning, " *Aaron Hackney*, *Levi Arnold* and *Peter Rambo*, to make " *John Bowman* swear a false oath in a suit before *Peter* " *Rambo*, (*Peter Rambo* esquire a justice of the peace mean- " ing,) between *Bowman*, the said *John Bowman* meaning, " and *Hackney* and *Arnold.*" The evidence was, that the de- fendant said "that *Johnston* had entered into a collusion with " *Aaron Hackney* and *Levi Arnold*, to make &c.," without mentioning *Rambo.* The judge charged the jury that it was *doubtful,* whether the evidence supported the declaration; and the plaintiff's counsel excepted.

1813.

*Pittsburg,*
*Saturday,*
September 18.

A declaration that the defen- dant said " there " was a collusion " between *A*, " *B* and *C*, to " make a third " person swear a " false oath, &c." is not supported by proof of his having said " there was a col- " lusion between " *A* and *B*, to " make &c."

If the words laid are " he stole " the goods of " *A*," they are not supported by proving the words to have been " he " stole the goods " of *B*."

*S. B. Foster* and *Campbell* for the plaintiff in error. The sub- stance of the words was proved, and that was sufficient to support the declaration. The words proved were substan- tially those laid, because there was an alleged conspiracy between the plaintiff and two of the three persons named. In an indictment against the plaintiff for conspiracy with the three, he would have been convicted on proof of a con- spiracy with two of them. The case of *Cuming* v. *Sibly* (*a*), *E.* 9 *Geo.* 3. *C. B.*, and the *King* v. *Lookup* (*b*), 7 *G.* 3. *B. R.*, are strong to shew that it is sufficient to prove the substance, except where the *tenor* is stated.

*A. W. Foster* contra. The offence according to the words proved, was a different offence from that charged in the declaration, since a conspiracy with *A* and *B*, is a different offence from a conspiracy with *C* and *D.* If the words are changed, and the charge remains the same, the words are matter of form; but if the change of them, changes the of- fence, they are matter of substance. The offence is changed not merely when its specific character is altered, but also

(*a*) 1 *D. and E.* 239.　　　(*b*) *Ibid.*

1813.

JOHNSTON
v.
TAIT.

when its individuality is gone. He cited *Nelson* v. *Sir Woolston Dixey* (a).

TILGHMAN C. J. delivered judgment.

To give the plaintiff the full benefit of his exception, I shall consider the judge as having said that the evidence *did not* support the declaration; for when he told the jury that the law was *doubtful*, they would naturally find for the defendant, it being incumbent on the plaintiff to make out his case without doubt both in fact and law. It is a question which admits of very little reasoning. The single point is, whether the words *laid* and the words *proved* are substantially the same. I think they are not. A collusion between *A*, *B* and *C*, and between *A*, *B*, *C* and *D*, are different things. It is not necessary to prove the words exactly as laid; it will do if you prove so many of them as are actionable. 2 *Salk.* 660., the *Queen* v. *Slater.* If the plaintiff declares that the defendant called him a *strong thief*, and proves that he called him a thief, the action is supported, because the only material word is *thief. Dyer* 75. But if the words laid had been, that the plaintiff stole the goods of *A*, proof of the defendant's saying that the plaintiff stole the goods of *B*, would not support the declaration; because although stealing the goods of *B* is an indictable offence, yet it is a different offence from stealing the goods of *A*. So when the defendant says that the plaintiff with *B*, *C* and *D* conspired &c., it is not enough to prove that he said the plaintiff together with *B* and *C* conspired &c.; because although it may be indictable for the plaintiff to conspire with *B* and *C*, yet it is a different offence from his conspiring with *B*, *C* and *D*; he may have been guilty of both and punishable for both. I am of opinion therefore that the charge of the Court was right, and that the judgment should be affirmed.

Judgment affirmed.

(a) *Hardw. Ca.* 291.