SOXMAN *against* SOXMAN.

In a joint action against two, an award of referees under the act of 1705, that a certain sum is due to the plaintiff by one of the defendants, and another sum due by the other defendant is erroneous. And a general judgment by the court, upon such award for the aggregate amount of both sums, is erroneous.

Error to *Westmoreland* county.

This action, in which *William Cochran*, executor of *Christian Soxman*, was plaintiff, and *Mathias Soxman* and *Cristian*

(Soxman *v.* Soxman.)

*Soxman*, jr. were defendants, originated before a Justice of the Peace from .whose judgment an appeal was entered to the Common Pleas.   By consent of parties, all matters in variance between them were referred to three named referees, upon whose award or that of a majority of them, it was agreed judgment should be rendered.   On the day of meeting one of the referees did not attend.   On motion of Mr. *Foster* the plaintiff's attorney, to the court, another was substituted in his place.   The referees then met and heard the parties and made an award, which .was a stated account between the plaintiff and each of the defendants, shewing the amount due by *Mathias* of thirty-seven dollars and fifty-seven cents and a balance due by *Christian Soxman*, jr. of forty dollars and sixty three cents.   To this award the following exceptions were filed:

1.  The award is void for want of certainty.

2.  The arbitrators have not awarded that they find any sum either for plaintiff or defendants, at the time of the award.

3.  The arbitrators have not found any sum due by .the defendants to the plaintiff.

4.  The action against the defendants was joint, the finding of the arbitrators is contrary to the submission, being against the defendants severally.

5. There was no substitution of *Israel Gray* by the other two arbitrators who were originally chosen, in the room of one of the arbitrators who did not attend.

6.  There is no such finding by the arbitrators as upon which judgment can be entered.

The court over-ruled the exceptions and entered a judgment on the award for the plaintiff for seventy-eight dollars and twenty cents.

*Kuhns* and *Alexander* for plaintiff in error.

In this case the agreement was joint, the action was joint, the declaration was joint, upon a joint liability, and the award and judgment were several, which is erroneous.   21 *Vin. Ab.* 422, 431, *title Trial.* 2 *Vent.* 151.  *Boultin* v. *Ford, Sid.* 76.

A general judgment cannot be entered upon a special award. *Sutton* v. *Horn*, 7 *Serg. & R.* 228.

*Foster* for defendant in error.

The opinion of the court was delivered by

Ross, J.—In this case as in many others, which come before this court, the law is clear and well settled---so clear, indeed, that the case does not merit a serious examination.   It is an appeal from a justice of the peace, to the court of Common Pleas; and which was referred to arbitrators by consent of the parties, on the 24th of

(Soxman v. Soxman.)

February, 1831. The arbitrators on the 3d of March following, reported that they found a balance of thirty-seven dollars and fifty-seven cents against *Mathias Soxman,* and a balance of forty dollars and sixty-three cents against *Christian Soxman;* for the aggregate amount of which sums, the court gave judgment. In their award they state separate accounts against each defendant, by which the result is shown, and the manner in which it is produced—though the nature of the demand, or the consideration upon which it was founded does not very clearly appear from the statement of either of the accounts. The first three exceptions cannot be sustained. The others are fatal; and in the decision of the court below upon them consists the error, which must now reverse the judgment.

The fourth and sixth exceptions may be considered together, being in effect the same. The question presented by them is, whether an award or verdict in assumpsit, or in an action on a parol contract against two or more, can be made for separate and distinct sums against each; and a judgment be entered thereon against all the defendants for the aggregate amount thus found?

When the objection arising from *mis-joinder* or *non-joinder* of parties does not go in denial of the declaration, advantage can be taken of it only by a plea in abatement. 5 *East.* 307. 1 *Saund.* 291 *b. n.* 4. 1 *Bos. & Pul.* 67. But where the objection arising from the *non-joinder* or *misjoinder* of the necessary parties goes in denial of the declaration, or of a material averment, advantage may be taken of it as well under the general issue as in abatement. 1 *Stra.* 220. 1 *Bac. Ab.* 293, *title Plead.* 293. *Bul.* 172. 2 *T. Rep.* 282 Thus if two persons be sued on a contract made by one only, advantage may be taken of this under the general issue. The objection arising from the *mis-joinder* denies the declaration and consequently supports the general issue. 2 *N. Rep.* 454. 2 *Day.* 272.

A *mis-joinder* of several causes of action is always fatal even after verdict. With respect to the joinder of actions, the rule is, that when the same plea may be pleaded, and the same judgment given, different counts may be joined; provided the parties are the same, and are sued in the same capacity. The allegation and proof must agree. Therefore where a contract is laid in the declaration to have been made between A and B, a written instrument against C and B is not admissible. 2 *Yeates,* 95. 6 *Bin.* 121. *Bul. Nisi Prius,* 157. In this case there is no declaration, no plea, and no issue. We are not left, however, entirely in the dark as to the nature and cause of action. It sufficiently appears from the statement of the accounts returned by the arbitrators, that the action was founded on a parol contract express, or implied, and that it was for separate and distinct demands against each defend-

(Soxman *v.* Soxman.)

ant and therefore a joint action would not lie. Proof charging the defendants separately would not sustain the allegation, that they were jointly liable. A contract being an entire thing, the whole cause of action stated must be proved as laid, except such parts as may be rejected as surplusage. *Archbold's Plead.* 373--4. If an action is brought on a contract against two persons, when the contract was really made with one only, the plaintiff cannot obtain judgment against either. If in such case the jury find a verdict for one and against the other, on the ground, that the former did not contract, the plaintiff will not be entitled to judgment against the other. For the verdict itself contradicts the declaration. *Carth.* 361. 3 *East.* 162. 5 *Esp.* 47. 3 *Cowen* 374. If however two or more persons be sued for a *tort,* the fact of the other's not being guilty cannot be taken advantage of at all. *Stra.* 509, 793, *Esp.* 336. 3 *East.* 62. It has also been decided in 3 *Barn. & Ald.* 605, that if, in an action of assumpsit, the defendant pleads, that the promises were made by him jointly with another, on which issue is joined, and the jury merely find that the defendant promised, without stating whether such promise was made alone or jointly, the verdict cannot be sustained, and the judgment will be reversed on a writ of error. So also in assumpsit against four, who pleaded *non assumpserunt infra sex annos,* and the verdict was that one of the defendants did assume *infra sex annos,* and that the others did not, it was held, that the plaintiff could not have judgment. 2 *Vent.* 151, 210 a verdict cannot be for separate damages against several defendants. *Barne's notes,* 171.

The same principle may be found in many other decisions, and also recognized in the various treatises on the subject of pleading. It is equally applicable to this case and must govern us in the decision of it. The action was brought against the defendants jointly and the submission was also joint. Whereas the award finds separate sums against each defendant, and thus severs their joint liability. The judgment given by the court upon the award thus made, was for the aggregate sum, and not for the amount due from each defendant. They probably knew, that in a case like the present there could not be two separate judgments; but in order to give effect to the award, have entered judgment against them for the whole amount, thereby creating a joint liability. If the judgment thus entered be valid, either one of the defendants might eventually be compelled to pay the amount awarded against both. It is needless to remark further upon this point, as there can be no doubt that this exception taken to the award was fatal, and that no judgment could be entered A full examination of the law on this subject, may be found in 1 *Saund. Rep.* 417-18.

Then as respects the fifth exception. If the reference were under the act of 1705, which seems to have been the case, from the

(Soxman *v.* Soxman.)

circumstance of the arbitrators having been appointed by the con-
sent of the parties, then there was error in the substitution of *Is-
rael Gray* without the consent of the parties to the submission.
If, however, it were a compulsory arbitration, it is then equally
clear, that the court had no power to make such substitution. In
every view of this exception, it was an irregular and erroneous pro-
ceeding.

Judgment reversed.