ENSWORTH *against* DAVENPORT.

9 390
74 88

An order of court on a *scire facias,* awarding a new execution on a former judgment, is a judgment rendered on such *scire facias,* within the statute authorizing process by attachment on writs of *scire facias.*

Therefore, a *scire facias,* founded on a previous judgment between the same parties, to obtain a new execution, is a writ, on which process by attachment may issue.

THIS was an action of ejectment ; to which the general issue was pleaded.

The demanded premises were formerly the property of *Samuel Davenport.* The present plaintiff having obtained a judgment against him and *Seth Clark* jr., took out execution,

and had it levied on this property; but owing to some irregularities in the proceedings, no title was transferred. The plaintiff then brought a writ of *scire facias,* to obtain a new execution, for the amount of the original judgment; which was served, by attaching the same property. The record of the county court, to which the *scire facias* was brought, is as follows: " In a writ of *scire facias,* requiring the defendants to shew reasons, if any they have, why a new execution should not issue against said *Clark* and *Davenport,* in favour of the plaintiff, upon a certain judgment rendered by said county court, *August* term, 1830, for the sum of 211 dollars, 54 cents, debt, and for the sum of 8 dollars, 10 cents, costs of suit ; as per writ of *scire facias* on file, dated the 28th day of *December,* 1830 : Now the plaintiff appeared ; and the defendants three times publicly called to appear in court, made default of appearance : Whereupon this court consider and order, that a new execution issue in this cause, in favour of the plaintiff against the defendants, for the same sums, for which the former execution in this cause, was granted." A new execution was thereupon issued, which was levied on the demanded premises, on the 25th of *April,* 1831, and was recorded and returned in due form.

After the service of the writ of *scire facias,* as above stated, and before the levy of the second execution, *viz.* on the 10th of *March,* 1831, the defendant took a mortgage deed of the premises, from *Samuel Davenport,* as security for a *bona fide* debt ; which deed was recorded on the day of its execution. Under this deed the defendant claimed title.

A case embracing these facts, was agreed to, by the parties, and reserved for the advice of this court, on the question whether the plaintiff, by his attachment, had acquired a lien upon the land prior to the defendant's deed.

*Judson,* for the plaintiff, insisted, that the process by attachment, in connexion with this *scire facias,* was authorized by the statute ; (*p.* 37. *s.* 9.) and the service of that process created a valid lien on the land, which was afterwards perfected, by the levy of the execution.

*Goddard,* contra, after remarking, that the statute authorized an attachment on *scire facias,* in those cases only where

*Windham,*
*July, 1832.*

*Ensworth*
*v.*
*Davenport.*

a *judgment is to be rendered,* contended, that an order of court awarding a new execution, is not a judgment. The only judgment between the parties to the attachment, was rendered in *August,* 1830 ; some months before the date of the *scire facias.*

WILLIAMS, J.  The only question in this case, is, whether a *scire facias* founded upon a judgment between the same parties, will, when issued and served as an attachment, create a lien upon the property attached : In other words, whether a *scire facias* is a writ, on which process by attachment may issue, the original attachment law being limited to *ordinary process.*

The legislature, in *May,* 1814, enacted, that, "in writs of *scire facias,* in *all cases* in which execution may be issued against the person and property of the defendant, on the judgment which may be rendered thereon, the process may be by attachment of the estate or person of the defendant, to be proceeded with as to bail, and in all respects, as in ordinary cases." This statute was re-enacted in 1821, in the same words, except that the words "*in all cases*" were omitted, probably merely for the sake of brevity.

In the case before us, the plaintiff had obtained a judgment and execution against *Clark* and *Davenport,* and levied it on the land in controversy ; but the levy was irregular and void ; and when this was ascertained, the plaintiff sued out a *scire facias,* with a writ of attachment, and attached and set off on execution the same land. Between the time of the attachment and the time of the levy of the execution, however, the defendant obtained a mortgage of the same land from the debtor, and has thus acquired a right to the land, unless the attachment creates a lien.

The defendant claims, that the statute extends only to cases where the judgment in the *scire facias* ascertains the debt or duty, as *scire facias* against bail, or against a garnishee; that here is no judgment ; that the plaintiff asks only for an execution, and that only is ordered; so that this is not a case within the statute.

To determine this point correctly, we must examine the nature of the writ, and the intent of the legislature.

A *scire facias* is a judicial writ; but still it is *an action.*

*enner* v. *Evans,* 1 *Term Rep.* 268.   It may be pleaded to, as an action.   *Grey* v. *Jones,* 2 *Wils.* 251.   *Pulteney* v. *Townson,* 2 *Bla. Rep.* 1227. 2 *Tidd* 1046.   It may be released, by a release of all actions.   *Co. Litt.* 290.   An action of debt will lie upon a judgment obtained in a *scire facias* upon a recognizance.   *Loveless'* case, 2 *Leon.* 14.   And although it is doubtful whether a writ of error to the *exchequer chamber* will lie on a judgment rendered upon a *scire facias*, yet a writ of error will lie on such a judgment to the proper court. *Obrian* v. *Ram, Comb.* 103.   S. C. 3 *Mod.* 186.   *Crow* v. *Maddock, Andrews* 288.   And in *Johnson* v. *Harvey,* 4 *Mass. Rep.* 484.   *Parsons,* Ch. J. says: " By a writ of error, an erroneous judgment on an original writ, or an erroneous award of execution on a judicial writ, may be corrected.   Thus, error lies on a *scire facias* on a former judgment."   But a writ of error can only be brought on a judgment, or on an award in nature of a judgment.   *Co. Litt.* 288.   2 *Tidd* 1066.   *Clason* v. *Shotwell,* 12 *Johns. Rep.* 49.   If then a writ of error would lie from the award of this execution, it must be because it is a judgment, or an award in nature of a judgment.   And if a judgment is, as the great *English* Commentator says, " the determination and sentence of the law, the consequence naturally and regularly following from the premises of law and fact, expressed by the words " *it is considered,*" (3 *Bla. Comm.* 395, 6.) it would seem as if this was technically a judgment.   But whether it falls within that technical description or not, it seems to me to be within the intent and meaning of this statute.   It is the policy of our law, that all the property of a debtor shall be subject to the payment of his debts; and to prevent his secreting his property, before execution can be obtained, a general provision is made, that a lien may be created, not by the judgment, but by the service of the writ. That not extending to writs of this character, but only to ordinary process, the legislature extended it to writs of *scire facias*, in which execution may be issued against the person or property, on the judgment rendered thereon.   In this case, the court in effect find, that a former judgment was rendered, as stated in the writ; that it is in force and unpaid; and award execution to issue therefor.   That this determination or sentence is a judgment, in the ordinary sense of the term, and therefore a judgment contemplated by the legislature in

HARVARD LAW LIBRARY

*Windham,*
*July, 1832.*

*Ensworth*
*v.*
*Davenport.*

that statute, I cannot doubt.   Any other construction would narrow the effect of a statute, which was intended to extend a beneficial remedy to cases not thus provided for, when the language does not necessarily require it.

I would, therefore, advise the superior court, that judgment be rendered for the plaintiff.

The other Judges were of the same opinion, except PETERS, J., who was not present when the case was decided.

Judgment for plaintiff.