*Litchfield,*
June, 1839.

Tucker
*v.*
Baldwin.

TUCKER and others' *against* BALDWIN :

IN ERROR.

If the charge of the court to the jury is, in effect, such as the party requested, he cannot obtain a reversal of the judgment for any mistake in the charge.

The defendant, in an action of trespass alleged to have been committed on the 20th of *August*, 1833, pleaded, that on the 22d of *September*, 1834, the plaintiff, in and by a certain *writing or release*, under his hand, by him well executed, in consideration of one dollar, then paid to the plaintiff, by the defendant, released and discharged him from all demands then existing in favour of the plaintiff, against him ; which writing or release is as follows : " Received of *L. T.* this 22nd of *September*, 1834, one dollar, in full of all demands to this date. *C. B.*" The plaintiff replied, that on the 22nd of *September*, 1834, an action of trespass was pending in favour of *L. T.*, [the present defendant,] against *C. B.*, [the present plaintiff,] when the parties came together, and amicably settled, released and discharged each other from said action, the cause thereof and the costs ; and then, in pursuance of said settlement, the plaintiff executed and delivered to the defendant said writing, or release, for the purpose aforesaid, and not to release or discharge the defendant from the cause of action declared on in this suit. Held, 1. that the instrument recited in the plea was not a technical release, nor was it so pleaded ; 2. that a receipt in full pleaded in bar, by our law, is good, and requires a sufficient replication to avoid it ; 3. that the replication in this case, is sufficient, as it shews, that the receipt was given for a specific purpose, and now, in violation of that object and of the intention of the parties, it is used, by the defendant, for a different purpose. [Two Judges dissenting on the last point.]

THIS was an action of trespass *quare clausum fregit,* brought originally by *Chauncey Baldwin* against *Leonard Tucker* and three other persons, before a justice of the peace, and appealed to the county court.

The defendants pleaded, 1st, the general issue ; and 2ndly, a special plea, alleging, that if the defendants committed the trespass mentioned in the declaration, it was done by them jointly, on the 20th of *August*, 1833 ; and that afterwards, *viz.* on the 22nd of *September*, 1834, the plaintiff, in and by a certain writing or release, under his hand, by him well executed, in consideration of one dollar, then paid to the plaintiff, by said *Leonard Tucker*, released and discharged him from all demands then existing in favour of the plaintiff against him ; which writing or release is in the words and figures following, *viz.* "Received of *Leonard Tucker,* this 22nd day of *September*, 1834, one dollar, in full of all demands to this date. [Signed.] *Chauncey Baldwin.*"

Another special plea alleged, that on the 22nd of *September*, 1834, long after said trespass was committed, said *Leonard Tucker* paid to the plaintiff, and the plaintiff received of said *Leonard Tucker*, the sum of one dollar, in full satisfaction of all demands, which the plaintiff then had against said *Leonard Tucker*, including said trespass and demand in the plaintiff's declaration mentioned.

*Litchfield,*
*June, 1839.*

Tucker
*v.*
Baldwin

To the second plea, the plaintiff replied, that though true it is, he executed and delivered to said *Leonard Tucker*, the writing or release mentioned in the defendants' plea aforesaid, yet on the 22nd of *September*, 1834, an action of trespass was pending before the county court for *Litchfield* county, in favour of said *Leonard Tucker*, against the plaintiff in this suit; and on said 22nd day of *September*, 1834, the parties to said action came together and amicably settled, adjusted, released and discharged each other from said action, the cause thereof and the costs which had accrued on the same; and then, in pursuance of said settlement, the plaintiff executed and delivered to said *Leonard Tucker* said writing or release; and said writing or release so pleaded in the defendant's said plea in this action, is the writing or release so given for the purpose aforesaid; and that the same was not executed or delivered to said *Leonard Tucker* to release and discharge him, or the defendants, or either of them, from the cause of action mentioned in the plaintiff's declaration in this action, or of any cause of action or demand, which the plaintiff then had against the defendants.

Issues were joined on the first and third pleas of the defendants, and on the plaintiff's replication to the second plea.

On the trial of the cause to the jury before the county court, the plaintiff claimed to have proved, that at the time mentioned in the declaration, he owned and possessed the building described therein; and that on the 20th of *August*, 1833, the defendants committed the injuries alleged; which the defendants denied. It was admitted by the parties, that on the 22nd of *September*, 1834, there was pending in the county court for *Litchfield* county, an action of trespass in favour of *Leonard Tucker* against *Chauncey Baldwin;* that on that day, and after the commission of all the grievances in the plaintiff's declaration mentioned, the parties executed and delivered to each

other, the following writings or receipts, *viz.* "Received of *Leonard Tucker*, this 22nd day of *September*, 1834, one dollar, in full of all demands to this date. [Signed.] *Chauncey Baldwin.*"

"*Leonard Tucker*       } Action of trespass in *Litchfield* county
     vs.          }                    court.
*ChaunceyBaldwin.* }

" Received this 22nd day of *September*, 1834, of *Chauncey Baldwin*, fifteen dollars, in full satisfaction and discharge of the above-named suit, and in full discharge of all other suits or causes of action, and in full of all demands to this date.

[Signed.]                    *Leonard Tucker.*"

The plaintiff claimed to have proved, that he had no knowledge that *Leonard Tucker*, or either of the defendants, was concerned in the trespass mentioned in the declaration, until long after the 22nd of *September*, 1834, *viz.* until about the 15th of *February*, 1836 ; and that these receipts were signed and delivered, by the respective parties, to settle and adjust, and to discharge said action of trespass in favour of *Leonard Tucker* against *Chauncey Baldwin*, and not to settle and adjust or discharge any other cause of action, and especially, not the cause of action in this suit.

The defendants claimed to have proved, that the receipts were given with the intent to extinguish all controversies, claims and demands, which the parties respectively had on each other ; and that neither of the parties practised, and especially, that *Leonard Tucker* did not practise, any fraud in the execution of such receipts ; and that *Baldwin* signed and delivered the receipt to which his name is appended, without any mistake or surprise whatever, and with an intent that it should operate according to the true import and meaning of the words thereof.

The defendants thereupon requested the court to instruct the jury, that if such were the facts, the receipt signed by the plaintiff would operate to bar his claim in the declaration specified, and would be sufficient to require the jury to find the second and third issues in favour of the defendants : and also, that they must find the second issue in favour of the defendants, unless they should find, that the receipt signed by the plaintiff was not executed and delivered to *Tucker*, to release or discharge him from the cause of action in the plaintiff's

declaration specified, nor from any other cause of action, which the plaintiff then had against the defendants.

The court charged the jury, that the release or discharge of one of a number of joint tort-feasors would release and discharge all the rest; and that the receipt signed by *Chauncey Baldwin*, if it operated to protect *Leonard Tucker*, would enure to the benefit of all the other defendants: that such receipt would also be a valid defence for the defendants, if the jury should find, that it was executed and delivered by *Baldwin* to *Tucker*, with the intent and understanding of the parties to adjust and settle all claims and controversies then existing between them, whether known or unknown: but that if the jury should find, that such receipt was procured to be executed by *Baldwin*, by the fraud of *Tucker*, or was executed by *Baldwin*, by surprise, or through any mistake or misapprehension of its effects; or that it was intended, at the time it was executed and delivered, to operate only to settle said action of trespass of *Tucker* v. *Baldwin;* then it would be the duty of the jury to lay the receipt wholly out of consideration in this cause.

The plaintiff obtained a verdict on all the issues; and the defendants, having filed a bill of exceptions, brought a writ of error in the superior court; which was reserved for the consideration and advice of this court.

*T. Smith* and *Coffing*, for the plaintiffs in error, contended, 1. That the replication of the plaintiff below to the second plea of the defendants, was radically defective. No sufficient reason is assigned why the discharge set up in that plea should not operate according to the legal import of its terms. There is in the replication no averment of fraud, surprise, accident or mistake. These are the only matters, which the plaintiff below could set up in avoidance of the defendants' plea. These should have been alleged with precision and certainty, so that the opposite party could know what was claimed, the jury what they were to try, and the court what judgment should be rendered. *Fuller* v.*Crittenden,* 9 *Conn. Rep.* 401. *Bristow &* al. v. *Eastman,* 1 *Esp. Rep.* 172. 1 *Chitt. Plead.* 570. 3 *Id.* 1158. *Hill* v. *Montague,* 2 *Mau. & Selw.* 377. *Tresham's* case, 9 *Co.* 110. *b. Gould's Plead. c.* 4. *s.* 26. *Fuller* v. *Hampton,* 5 *Conn. Rep.* 423. *Eastman* v. *Curtiss,*

*Tucker*
*v.*
*Baldwin.*

1 *Id.* 323.    *Wetmore* v. *Robinson,* 2 *Id.* 529.    *Griffin* v. *Pratt,* 3 *Id.* 513.    *Dean* v. *Mason,* 4 *Id.* 428.    *Cook* v. *Bradley,* 7 *Id.* 57.    *Chapin* v. *Canada,* 8 *Id.* 286.    *Barnum* v. *Barnum,* 9 *Id.* 242.

2. That the charge of the court as to the circumstances under which it would be the duty of the jury to lay the receipt wholly out of consideration, was incorrect.    The charge was in substance this: that although you find, that there was no fraud, nor any surprise or mistake; yet if the parties misapprehended the legal effect of the instrument; or if it was intended, at the time it was executed and delivered, only to settle the action of trespass—*Tucker* v. *Baldwin*—it would be the duty of the jury to lay the receipt aside as inoperative.    The inquiry as to the legal effect of the instrument, and as to the intent of the parties, independently of the question of fraud or mistake, was inadmissible.    *Fuller* v. *Crittenden,* 9 *Conn. Rep,* 401.

*L. Church* and *Holabird,* for the defendant in error, contended, 1. That the replication to the second plea, is sufficient. In the first place, it is sufficient, because the plea is insufficient. The receipt, which is the subject of the plea, not being under seal, it cannot be pleaded as a release.    The term "release" in the plea *ex vi termini* imports an instrument under seal; and the defendants having spread upon the plea the instrument itself, which they call a release, and it not appearing to be under seal, the plea is thereby falsified.    If it be said, that the replication admits the existence of the release, the obvious answer is, that the replication admits the release, *as pleaded by the defendants,* and no more.

Secondly, the replication is in itself sufficient.    A receipt not under seal may be enquired into; and a receipt in full of all demands is not a bar, unless given with a complete knowledge of all the circumstances.    The replication contains proper averments of such facts as clearly shew, that the receipt ought not to operate.    *Middleditch* v. *Sharland,* 5 *Ves.* jun. 87.    1 *Chitt. Plead.* 569.

Thirdly, if the replication would have been ill on demurrer, it was cured by verdict.    The issues being found for the plaintiff, the court will presume that such facts were proved, as shewed that the receipt ought not to operate to bar the action.

1 *Chitt. Plead.* 712. 719. 721. (ed. 1833.) 2 *Bos. & Pull.* 259. *per* Lord *Eldon*, Ch. J.

2. That the charge was, in all respects, correct.

In the first place, the law was correctly declared on all the points presented in the case; and there was nothing in the charge calculated to mislead the jury.

Secondly, the charge was made as the law was claimed by the defendants; and if wrong, they cannot take advantage of it.

Thirdly, if the charge was, in some respect, erroneous or defective, the judgment will not be reversed for this cause, if it appears that justice has been done between the parties.   Here, the record shews, that the finding of the jury on the receipt was right, and that no injustice was done to the defendants.   *Hoyt* v. *Dimon*, 5 *Day* 479.   *Alsop* v. *Magill* & al. 4 *Day* 42. *Williams* v. *Cheeseborough*, 4 *Conn. Rep.* 356.   *Johnson* v. *Blackman*, 11 *Conn. Rep.* 358.

CHURCH, J.   The plaintiffs in error except to the charge of the county court, because, as they believe, the true doctrine regarding the nature and effect of receipts was not stated to the jury.   But if we believe, that the charge was in effect such as the defendants in the court below requested, we must say, that they have no right to demand a revisal of the judgment for any mistake in the charge.

It appears by the bill of exceptions, that the defendants below claimed, on the trial, first, that the receipt in question was given to extinguish all controversies which the parties to it then had against each other.   Secondly, that neither of the parties practised any fraud.   Thirdly, that *Chauncey Baldwin* executed the receipt in question without any mistake or surprise, and with an intent that it should operate according to the true import and meaning of its language.   And they requested the court, if these facts were proved, to direct the jury to find the second and third issues for them, the defendants; and also, that the second issue must be found for the defendants, unless the jury found that the receipt aforesaid was not executed to release or discharge the present cause of action.

Now, what was the charge?   It was, 1st, That the receipt was a valid defence, if executed with an intent to settle all

*Litchfield,*
June, 1839.

Tucker
*v.*
Baldwin.

controversies between the parties, known and unknown. This was a literal compliance with the first claim of the defendants. 2dly, That if the receipt was executed by the fraud of the defendants, or by a surprise, or through any mistake or misapprehension of its effects ; or if it was intended only to operate to settle the action of trespass then pending, as referred to in the bill of exceptions ; then it should be laid out of the consideration of the jury. This very clearly and substantially embraced the second and third claims of the defendants.

The pleadings in the case suggest more material questions. The plaintiffs in error claim, that the replication to their first special plea is insufficient, and is not cured by the verdict, on the ground that it does not set forth such facts as will legally avoid the effect of the receipt pleaded. The first answer given, by the defendant in error, to this, is, that the plea itself is insufficient, because by it a mere simple contract or receipt in full is pleaded as a release ; or if this be not so, the instrument set forth in the plea being nothing more than a matter of parol evidence of accord and satisfaction or payment, cannot be pleaded in bar.

We do not consider the receipt or instrument recited and set forth in this plea, as a release ; nor that the pleader intended so to plead it. It does not purport to be a sealed instrument ; and when it is spread upon the record as a part of the plea, we see that it is not. That we may understand the meaning of the language used in this plea, and the intent of the pleader, we must look to the whole of it ; and if we do so, we see that the pleader refers to the instrument he has recited, as being the only release he intends by his averment ; and although he employs the words " release" and " discharge," yet when he so connects them with a writing as explanatory of his meaning, which we know is only an ordinary receipt, how can we believe a sealed instrument or technical release is pleaded ? If instead of making a profert of the instrument, he had pleaded it according to the usual and approved forms of pleading a release, as " a certain writing of release, sealed with his seal," &c. we should have understood this plea differently ; and so perhaps, if he had made no profert, as then there would have been nothing on the plea itself indicating a different meaning from the technical and legal signification of the term release.

We do not, therefore, consider this second plea, as the de-
fendant in error does, a plea of release : on the contrary, it is
a receipt in full pleaded in bar.   And such a plea, by our law,
is good, and requires a sufficient replication to avoid it.   If
receipts of this character, as well as promissory notes and
other unsealed papers, had not formerly in this state been
treated in some measure as specialties, this mode of pleading
perhaps would never have been sanctioned by our courts ;
but now, after a practice approving pleas of this character,
coeval with our jurisprudence, and from which no evils have
been experienced, we do not feel authorized to say, that re-
ceipts in full cannot, in this state, be pleaded in bar.   Thus to
plead them has been our uniform practice ; as may be seen, by
numerous reported cases, even down to a very recent period,
confirmed by the experience and recollection of the oldest
members of our bar.   *Carter* v. *Bellamy, Kirby* 291.   *An-*
*drus* v. *Andrus,* 1 *Root* 72.   *Palmer* v. *Corbin, Id.* 271.
*Smith* v. *Smith, Id.* 235.   *Spalding* v. *Fitch, Id.* 319.
*Howel* v. *Seaman, Id.* 383.   *Casey* v. *Casey,* 2 *Root* 269.
*Brace* v. *Catlin,* 1 *Day* 275.   *Henderson* v. *Henshaw,* 2
*Day* 272.   *Fuller* v. *Crittenden,* 9 *Conn. Rep.* 401.

The remaining question, and the most important one, is,
whether the replication to the second plea is sufficient?   Does
it allege such facts as would, in a court of chancery, be suffi-
cient, if true, to avoid the operation of this receipt upon this
cause of action ?   If it does, we must adjudge it to be sufficient,
within the principles settled, by this court, in the case of *Ful-*
*ler* v. *Crittenden,* 9 *Conn. Rep.* 401.

The replication avers, that this receipt was given for the
sole purpose of effecting a settlement of a different action and
controversy from this, to wit, an action of trespass then pend-
ing in the county court for the county of *Litchfield,* in favour
of *Leonard Tucker* alone, one of the defendants in this suit,
against the said *Chauncey Baldwin,* and the costs of that
action ; and that it was not executed and delivered for the
purpose of releasing or discharging the present cause of action.

If a receipt or other written instrument is executed for one
specific purpose, and then, in violation of that object, and of the
intention of the parties, it is, by one of the parties, used for a
different purpose, in fraud or violation of the rights of the
other, will not a court of equity, by injunction or otherwise,

interfere to protect the injured party ?   It seems to us, that a court of equity can, in no more legitimate manner, exercise its peculiar powers of protection.   The general principle on this subject, and which controuls our opinion in regard to it, is well stated, by Judge *Story,* in his *Commentaries upon Equity Jurisprudence.*   " In all cases, where by accident, mistake, fraud or otherwise, a party has an unfair advantage in proceeding in a court of law, which must necessarily make that court an instrument of injustice, and it is, therefore, against conscience that he should use that advantage, a court of equity will interfere, and restrain him from using the advantage which he has thus improperly gained." 2 *Story's Eq.* 172.   *Bowles* v. *Stewart,* 1 *Scho. & Lef.* 209.   *Colt* v. *Cornwall,* 2 *Root* 109.   1 *Madd.* 111.

We think, therefore, that the replication to the second plea is sufficient ; and that there is no error in the judgments complained of.

In this opinion WILLIAMS, Ch. J. and HUNTINGTON, J. concurred.

SHERMAN, J.   I concur with the court as to the effect which is given, by the laws of this state, to the instrument recited in the plea.   It may be pleaded ; and differs from a similar instrument under seal in this only, that a court of law can administer the relief in this case, which, in the other, must be sought in a court of equity.   But in both cases, it is necessary, that sufficient reasons be shewn to repel the legal effect of the instrument.   This receipt imports absolute verity, and cannot be controuled, except on the ground of those causes which have been judicially recognized, as fraud, mistake, accident, &c. This replication admits the execution of the instrument, but avers, that a certain action was pending in the county court, which the parties settled, on the 22nd of *September,* 1834, [the date of the instrument,] " and discharged each other from said action and the cause thereof, and the costs which had accrued on the same ; and then, in pursuance of said settlement, the plaintiff executed and delivered to said *Leonard Tucker* the said writing," &c.—" and that the same was not executed to said *Leonard Tucker* to release and discharge the defendants, or either of them, from the cause of action mentioned in the

plaintiff's declaration, or from any cause of action or demand, <span style="float:right">*Litchfield,*<br>June, 1839.</span>
which the plaintiff then had against the defendants." These
are the only averments, on which the plaintiff relies as the
basis of relief.   If these reasons, presented on a bill in equity
for relief against a specialty, would be held sufficient, on a
demurrer, they will sustain the replication.   The only aver-
ment to avoid the receipt, is, " that it was not executed to re-
lease or discharge the defendants from the cause of action
mentioned in the declaration"—that is, not with that *intent.*

Tucker
*v.*
Baldwin.

Every plea is to be taken most strongly against the pleader.
He is presumed to present a case as favourable to himself as
facts will admit.   He does not here aver, that he was ignorant
of any fact, deceived by fraud or surprised by accident.   He
does not deny that he perfectly understood the meaning, and
even the legal effect, of the instrument.   It is in full of all de-
mands ; and its language includes, most explicitly, the demand
in the declaration.   Can he, then, be received to say, that he
gave the receipt with full knowledge of its legal effect, but not
intending it should have that effect ?   If a grantor, who had
executed a deed in fee simple, in common form, should ask
relief of a court of equity on no other ground than that he did
not intend, when he gave the deed, to convey any estate in the
land, or more than a life estate, would not his bill be bad on
demurrer ?   A party cannot avoid his own deed, in a court of
law or equity, except on some of those grounds, which have
long been held sufficient to absolve him from its obligation.
I can discern no one of them in this replication ; and there-
fore, I consider it insufficient.

WAITE, J., was of the same opinion.

Judgment to be affirmed.