Judge Gkaham
delivered the opinion of the Oourt.
This is an action of slander by the plaintiffs in error against the defendant. The Circuit Court having sustained a demurrer to the declaration, the plaintiffs have brought the case to this Court for revision. The declaration is in the common form, and the only question presented for determination is whether -the words charged to have been spoken by the defendant of and concerning the female plaintiff are slanderous in legal contemplation.
The words said to have been spoken by the defendant are these: “She put poison in a barrel of drinking water to poison me.” “He had said she had put poison in his barrel of drinking water to kill him, and he would say it again, forshe did do it.” A spoken communication is not held to be slanderous, in the legal meaning of the word, unless it amount to a charge of having been guilty of a crime or of some misdemeanor, where imprisonment or other corporal punishment is the primary and immediate punishment for the offence, or of having one of certain contageous disorders, or is prejudicial in relation -to office, trade, &c., or because being disparaging they have been the cause of specific damage to the party charged: (Cooke on Defamation, 7, 8, 12; Kent's Com.) We suppose that the misdemeanor alluded to in the text, should not be understood as embracing ever) misdemeanor, but onty to embrace such as imply some heinious offence, involving moral turpi *418 tude. The words charged in this declaration do not1 impute to the plaintiff an offence deemed felony at common law, and as they were spoken before the passage of a recent act of the Legislature on this subject, whether they are actionable or not, must be tested by the common law. If they charge any indictable of-fence, it is only that of a misdemeanor. Misdemeanors are defined to be all offences lower than felonies which may be the subject of indictment: (Wharton’s Am. Crim. Law, 2.) They are divided into two classes : first, such as are mala in se or penal'.jat common law, and, second, such as are mala prohibita or penal by statute. It is said that at common low whatever mischievously affects the person or property of another, or openly outrages decency or disturbs public order, or is injurious to public morals, is a misdemeanor; and it has been held that to cast the carcass of an animal in a well, in daily use, is a misdemeanor. An act which tends or incites to the commission of any specific of-fence, or to solicit its commission, if it has a direct and immediate tendency to the commission of the offence, is a misdemeanor: (Wharton, 3, 4, 5.) Again: it is held that where an act is done, if it be accompanied with malicious and unlawful intent, though the act itself would otherwise have been innocent, the intent being criminal, the act becomes criminal and punishable: (Wharton, note l, p. 5.) Charging another with solicitation to commit a felony is actionable, as imputing a misdemeanor: (2 East R. 5, 6.)
Examples of words held to be actionable.
We cite also the following adjudged cases, in which the words charged have been held to be actionable as slanderous: “Talbot and Gough agreed to hire a man to kill me, and that Gough should show me to the hired man to kill me:” (Cro. Eliz., 191; Cro. Car., 140.) “The plaintiff colluded with A and B to make a person swear falsely before a Justice of the Peace in a suit pending before him:” (6 Binn. 121.) “He sought to murder me, and I can prove it,” because the term sought is shown by the latter words to refer to some overt act capable of proof: (3 Bulstr. 167.) Other authorities *419 might be referred to supporting the foregoing, but these are deemed sufficient to determine the question before us.
J. Sf W. L. Harlan for plaintiff; Helm for defendant.
If the words “he sought to murder me, and I can prove it,” and the case cited from East, be sufficient to maintain an action for slander, because the intent to kill was manifested by some overt act capable of proof, it would seem almost necessarily to follow that the words charged in this declaration ought so to be hold-en. Here is a direct charge of intention to kill, and that that intention was attempted to be carried into execution by actually putting poison in the defendant’s barrel of drinking water. An overt .act is charged, which, if truly charged, is susceptible of proof.
The act of putting poison into a barrel of water kept for the purpose of quenching thirst, would be more dangerous to health and life than the animal carcass could be, and could hardly be viewed as an innocent act; but when it is done with the wicked intent and design to take the life of- a man, it must be regarded as highly criminal. The moral sense of the community would revolt at it, and he who is so guilty, would be avoided as would be a deliberate murderer. The offence here charged is not only that of saturating water with poison, but of water kept in a barrel for the purpose of being drank by the defendant.
It seems to us, in view of the authorities referred to, and of the degrading imputation cast on the plaintiff, the words charged in the declaration ought to be held to be slanderous, and for the speaking of which an action may be maintained.
We are, therefore, of opinion that the demurrer to the declaration ought to have been overruled, and that the Court erred in not so doing. The judgment of the Circuit Court is, therefore, reversed, and the cause is remanded to that Court with directions to set aside the judgment, and overrule the demurrer,'with leave to the defendant to plead, and for other proceedings not inconsistent with this opinion.