Mr. Justice Olin
delivered the following dissenting opinion :
Before inquiring into the proper meaning and true construction of our statute, sec. 827, Rev. Stats., it will be well to consider what the law was.
Prior to the adoption of this statute, and by a comparison of the law with the statute, we can readily discover in what respect the common law was sought to be changed.
I now quote from Gould on Pleading, sec. 116, p. 280: “If, on a contract made by one person only, he and another are sued as upon a contract made by both, the misjoinder is a good ground of defense under the general issue;” and he adds, “For the contract made is not the same as that declared upon,” 1 East, 48; 2 Day, 272; 2 New Rep., 454; 11 Johns., 101; 1 Esp., 363; and in the same section it is-stated: “And in- an action against two joint contractors, asin assumpsit against A and B, as joint promisors, if thejury find that A promised, but that B did not, A may arrest the judgment; 3 East, 62; 1 Keb., 284; Carth., 361; 3 Brod. & Bing., 54. Judge Gould adds: “For the contract declared upon is disproved by the verdict; ” and, further: “And when an action is thus brought against two, upon a contract made by one of them only, the plaintiff cannot enter a nolle prosequi as to the other, and then proceed against the party bound alone.” See 4 Taunt., 470; 3 East, 76; 5 Johns., 160; 1 Pick., 500. “For to allow this would be to enable the plaintiff, by his own act, not only to defeat a good defense upon the merits, but also to substitute one action for another, or rather to transform an action against A and B into an action against A alone.”
Thus stood the law of this District prior to the passage of the act of 22d of February, 1867, vol. 14, p. 405, Statutes at *349 Large, several sections of which act are incorporated in the recent revision of the laws of this District.
We are now prepared to consider the true meaning and intent of section 827, a section which is almost a literal copy of a statute passed by several State legislatures nearly fifty years ago. It enacts that where money is payable by two or more persons jointly or severally, as by joint obligors, covenantors, makers, drawers, or indorsers, one action may be sustained, and judgment recovered against all or any one of the parties by .whom the money is payable, at the option of the plaintiff. This statute was intended to remedy two defects in proceedings at comman law. First:-If a plaintiff sued one person upon a contract in which another person was jointly liable, the person sued might interpose a plea in abatement, in substance, that some person not sued was jointly liable with him, and if the plaintiff took issue upon that plea, and that issue was found against him, the suit would abate.
Under this section, (827,) a plea in abatement, by reason of the nonjoinder of all the parties to the contract, is no longer available. The second object sought to be obtained by this section (827) was that the plaintiff might commence a suit against all persons who were jointly or severally liable to him, such as makers, drawers, or indorsers, any one of whom, or all of whom, may be sued, and a recovery had in the same action. At common law no action could be maintained against the maker and indorser of a promissory note; nor could an action be maintained against the covenantors in an instrument under seal, and against a party who guaranteed the performance of the covenants of the deed; in short, this wipes out the plea in abatement in suits ex contractu, by reason of all the joint contractors not being proceeded against in the same suit; and, in the second place, allows an action to be brought against parties who are not joint contractors, but severally liable in the same contract as guarantors, in-dorsers, &c., of the same contract. This section allows the plaintiff to select any one or more of several joint contractors, or those severally liable on the contract, and proceed to judgment against them, if he can but establish their joint or several liability on the contract sued upon; but it nowhere anthorizes or intimates that the plaintiff may join in a suit ex *350 contractu any and everybody at his pleasure; and, failing to. prove the liability of all the parties defendant, he may, nevertheless, have judgment against some one of the parties sued, if he can establish, by proof, the liability against one of the parties sued. In short, this act does not touch, or pretend to touch, the rule of the common law; but where more defendants are sued than can be proved liable, the action will abate, and the plaintiff must be non-suited. And this objection may be taken at the trial under the plea of the general issue.
In this case I think the judgment of the court below ought to be reversed.