## GULDAGER v. ROCKWELL.

1. PRACTICE IN CIVIL CASES — COMPULSORY NONSUITS IN JURY TRIALS. In a case tried to a jury the court may, on motion of defendant, enter a judgment of nonsuit when the plaintiff fails to introduce sufficient evidence to warrant a finding and judgment in his favor.
2. ACTION FOR DAMAGES FOR CAUSING DEATH OF HUSBAND — PLEA OF ACCORD AND SATISFACTION.— In a suit by a widow for damages for causing the death of her husband, defendant, having pleaded accord and satisfaction, produced a paper signed by the parties, which, after reciting that defendant had bought certain horses and mules of plaintiff, surrendered certain notes of her deceased husband, and paid her certain moneys, states that these are " in full demands of every name and nature whatsoever from one party to the other."   Plaintiff testified that at the time of signing the paper she knew she had a claim on account of the death of her husband, and intended to bring suit upon it, but did not mention it then because she did not want to.   The court properly directed a verdict for the defendant.

| 14  | 459 |
| --- | --- |
| 19  | 57  |
| 14  | 459 |
| 13a | 515 |
| 14  | 459 |
| 18a | 12  |
| 14  | 459 |
| 36  | 532 |

*Error to District Court of Arapahoe County.*

Mr. F. A. WILLIAMS, for plaintiff in error.

Mr. L. C. ROCKWELL, *pro se.*

RICHMOND, C.   In this action plaintiff in error seeks to recover from defendant in error damages for negli-

gence, resulting in the death of her husband while in the employ of the defendant in error. The complaint, as amended, contains the usual and necessary averments, to which the defendant in error answers, setting up three defenses: *First.* A general denial. *Second.* Contributory negligence. *Third.* Accord and satisfaction. The second and third defenses are specifically denied in the reply of plaintiff in error.

The cause was tried to a jury, and after all the evidence had been submitted on the part of both plaintiff and defendant the court instructed the jury that they should find for the defendant.

The main, and indeed the only, contention of plaintiff in error necessary for us to consider is whether the court erred in instructing the jury to return a verdict in favor of defendant. •

It appears that plaintiff in error's husband received the injury which resulted in death, and for which she seeks to recover damages, on the 8th day of January, 1883, and that this action was not instituted until the 1st day of June, 1886. In the trial of this cause, and in support of the defense of accord and satisfaction, the defendant introduced the following instrument of writing: "This is to certify that Mrs. Andrew Guldager and L. C. Rockwell have this 26th day of April, inst., had a full and final settlement, in which said Rockwell takes the mules and horses at $350 cash, and surrenders to Mrs. Guldager two notes of Andrew Guldager, one for $300, dated March 28, 1881, due on or before one year after date, and another note due March 28, 1882, for $30, due on demand, which notes and interest amounted, on the 28th of March, 1883, to $363, and Rockwell has also paid her two hundred and eighty-seven dollars and thirty-four one-hundredths ($287.34) cash, which is in full demands of every name and nature whatsoever from one party to the other. April 26, 1883. L. C. ROCKWELL. MARY GULDAGER."

Mrs. Guldager, in rebuttal, testifies: "I made no claim of Rockwell on account of the death of my husband. Did not mention it, because I did not want to. Did not consult anybody in regard to it until I returned to Denver. I knew all the time that I had a claim against him, and when I made this settlement, and signed the receipt, I expected to bring this suit. I did not say anything to Rockwell about it."

The action of the court was based upon the fact that plaintiff in error admitted that when she signed the receipt she had full knowledge of the demand sued upon, and at the time of the execution of the written instrument for settlement she said nothing about it, and intended to bring this action. The plaintiff in error insists that it was the duty of the court to submit the cause of action to the jury, and contends that, where there is any evidence in support of a fact in issue, it must be submitted to the jury.

We cannot agree with this position. It is the peculiar province of the court to determine all questions of law arising before it, and the undoubted right of the jury to find all matters of fact when evidence legally sufficient for that purpose is submitted for their consideration, and the legal sufficiency is a question of law, of which the court is the exclusive judge. It is true authorities can be cited in support of the doctrine that where there is any evidence, however slight, tending to support a material issue, the case must go to the jury, since they are the exclusive judges of the weight of the evidence. This doctrine, however, is denied in all the courts of England, as well as in the American federal courts and in many of the courts of the American states. In 2 Thomp. Trials, § 2249, the author says: "The old rule is likewise exploded in several of the states whose courts are now in the constant habit of ordering nonsuits against the consent of the plaintiff, of giving peremptory instructions to the jury to find for one party or the other, or of sustain-

ing demurrers to the evidence in cases where there is confessedly some evidence supporting a material issue. * * * Where the facts are undisputed or admitted, the only questions for decision are questions of law. In such a case it only remains for the judge to apply the law to the facts, and to decide whether they constitute a cause of action or defense. But where the facts are disputed and the evidence in respect to them is conflicting, such is not the case." Id. § 2262.

"The day has gone by when courts will refuse to enter a judgment of nonsuit upon motion of defendant, when the plaintiff has failed to introduce sufficient evidence in a case, tried by a jury, to support a verdict for the plaintiff, and in a case tried to the court to warrant a finding and judgment in favor of the plaintiff." *Tripp v. Fiske*, 4 Colo. 25; *Behrens v. Railway Co.* 5 Colo. 400; *Schwenke v. Railroad Co.* 12 Colo. 341.

It is proper for the court to grant a nonsuit, or direct a verdict for the defendant, where the issues involved in an action are negligence on part of the defendant, and contributory negligence on part of the plaintiff, when the evidence, considered in its most favorable light in behalf of the plaintiff, does not tend to show the defendant guilty of the negligence alleged against him, or when the evidence, thus considered, shows the plaintiff guilty of negligence which contributed to the alleged injury, and without which it would not have happened. *Lord v. Refining Co.* 12 Colo. 390.

In this case the plaintiff in error admitted that she knew she had a right of action against defendant in error; that she intended at some subsequent period to bring suit against him. Nevertheless, in the face of this knowledge, she made a settlement with the defendant in error, and signed the paper above recited, in which she admits the receipt of $287.34 cash in full of demands of every name and nature whatsoever due from the defendant to her. The terms of the contract of settlement,

taken by themselves, are susceptible of no other construction than that every claim which she and the defendant were cognizant of at the time of the settlement was fully and completely passed upon and settled on the 26th day of April, 1883, from which date, until the institution of this action, she never mentioned the fact that she had a claim against the defendant in error; never gave him any opportunity of settling such claim; and, indeed, so far as the record discloses, never, directly or indirectly, intimated that she had this right of action, or that she had intended to commence this suit.

Treating this paper as a receipt, there can be no doubt that the plaintiff in error was at liberty to introduce evidence to show that she had signed it through mistake, or that it was obtained by fraud or misrepresentations on the part of the defendant in error. Although a written receipt may be contradicted, yet all the authorities acknowledge that it is evidence of the highest and most satisfactory character, and to do away with its force the testimony should be convincing, and not left to mere impressions, and the burden of proof rests on the party attempting the explanation. This the plaintiff wholly failed to do. The term " all demands " is recognized in the books as being one of the most comprehensive that can be used. It may, it is true, be limited by other parts of the contract in which it is used. " But proving existing facts to aid interpretation is a different thing from proving mental intentions of parties." *Henry v. Henry*, 11 Ind. 236.

A careful examination of the entire record in this case fails to disclose any claim on the part of plaintiff in error that she accepted the paper through mistake, or upon misrepresentations made by the defendant in error, or that any fraud was practiced upon her. On the contrary, she asserts that she knew what she was doing. To destroy the effect of a receipt, such circumstances may be

shown at law as would lead a court of equity to set aside a contract; such as fraud, mistake or surprise. A receipt executed with a full knowledge of all the circumstances, and without mistake or surprise on the one part, or fraud or imposition on the other, is a good defense to a claim. · *Fuller v. Crittenden*, 23 Am. Dec. 364; *Bonnell v. Chamberlin*, 26 Conn. 487.

Plaintiff's conduct in accepting money paid at the time, taking up the notes of her husband, surrendering the property, and executing the release in full of all demands, and accepting a release from the defendant in error in full of all demands against her and the estate of her husband, amounts to something more than an execution of a mere receipt. It is a contract executed upon due consideration. Plaintiff in error executed this agreement with full knowledge of the facts. The inference is fair that, when the paper was signed, she knew that defendant understood the transaction to be a complete · settlement and discharge of all matters of difference which existed between them. It is true that the claim for damages sought to be enforced in this action was not mentioned by the parties. And it is contended that the minds of the parties never met, so far as this particular demand is concerned. Plaintiff, however, executed an instrument which declared that the parties had had a full and final settlement, and acknowledged the receipt of a sum of money in full of all demands whatsoever. The money was paid by defendant pursuant to the settlement, of which the written instrument was the evidence, and in compliance with its terms. It was received by plaintiff as the performance, on the part of defendant, of a contract which he understood to be a final discharge and satisfaction of all demands. Defendant understood the contract just as it reads. Plaintiff must be deemed to have understood its tenor and legal effect. Having contracted to settle all demands, the contract having been

fully executed, she cannot now be heard to say that she did not settle all demands, but that, on the contrary, she reserved the particular demand in question.

It is stated in 2 Greenl'. Ev. § 28a, in the following language: "The facts in respect to the arrangement or accord between the parties being ascertained, their effect is purely a question of law, and is not to be submitted to the jury. Thus, where A. and B., having mutual causes of action in tort, and meeting for the purpose of adjusting the demands of B. only, it was insisted by the latter that A. should pay him therefor a sum of money, and give him a receipt in full of all demands, which was accordingly done, but nothing was said about A.'s cause of action, it was held that this was a good accord and satisfaction of the demand of A. against B." *Vedder v. Vedder*, 1 Denio, 257; *Donohue v. Woodbury*, 6 Cush. 148; *McDaniels v. President*, 29 Vt. 230.

The paper in question being a contract entered into by plaintiff deliberately, and with full knowledge of her rights, being sufficient in its terms to comprehend the claim in question, having been entered into for the purpose of settling all matters of difference, and being so fully understood by both parties, it is clear that its effect cannot be avoided except upon the ground of fraud or mistake. As there was no evidence upon which either fraud or mistake could be predicated, the court below properly held that the contract constituted a bar to the action. The judgment should be affirmed.

PATTISON and REED, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is affirmed.

*Affirmed.*

MR. JUSTICE ELLIOTT, having presided at the trial below, did not participate in this decision.