Thomson, J.
This suit was brought by appellee against appellant before a justice of the peace. The cause went-by appeal to the county court where it was tried before a jury. The verdict was for the plaintiff. Judgment was entered on the verdict for seventy dollars, and the defendant appeals to this court.
The claim made by the plaintiff, as appears from *9 his testimony, was that he was employed for the defendant as carpenter, and as he furnished his own tools was to receive for his work fifty-five dollars per month. He worked fourteen months and at the end of each month received a time cheek for fifty dollars, to which was attached a receipt to be signed by him when the money should be paid to him. The money was regularly paid and the receipt signed. The form of the time checks and receipts was exemplified by the following given for November, 1898, the last month of the plaintiff’s work, and introduced in evidence by the defendant:
“Form A 340.
Payable by Agent at Roswell.
Chicago, Rock Island & Pacific Ry. Co.
Time Check No. 4949.
Horton, Nov. 30, 1898.
E. H. Mills has worked as car repairer at Roswell, C. D., during the month of November, 1898.
1 month at $50 per month... .Ain’t $50.00 at $ per .... Am’t $ ....
Board due.................$ $ ....
“ “ .................$ $____
Bal. payable on this check..........$50.00
Approved.
(Signed) J. M. Fitz Gibbon, Cy.,
A. S. M. P. & E.
(Signed) C. W. Snider, C. C.
I hereby acknowledge to have received of the Chicago, Rock Island & Pacific Railway Co. by the hand of H. Wildman, Agt., full settlement for the number of days’ work specified on the face of this check.
(Signed) E. H. Mills, Payee.
(Sig.) O. K. C. H. Randall, Witness.
(In case of signature by mark.)
(Stamped across face):
*10 Not Transferable, Dec. 27, 1898.
Paid Treas........T. C.”
The man with authority to employ carpenters and car repairers was the foreman of the roundhouse, Mr. Adams. Mr. Adams together with Mr. Lucas, chief car inspector under him, made the contract with the plaintiff. When his first time check came the plaintiff told Mr. Lucas that it was five dollars short —that it called for only fifty dollars, and the latter said he would- see to it. The subject was not mentioned to Mr. Adams. Prior to his employment the plaintiff had been working for the defendant at fifty dollars per month. When he received his final check he protested that fifty-five dollars and not fifty dollars, per month, was what he was to receive. Nevertheless he signed the receipt. • He brought this suit to recover the unpaid five dollars per month.
The testimony of Mr. Adams for the defendant was that his agreement to raise the plaintiff’s wages five dollars per month, thus making it fifty-five dollars per month, was expressly conditioned upon his performance of the work of carpenter and car inspector, which work he never performed. That the defendant never assented to the plaintiff’s claim of fifty-five dollars per month, is evident from the record. Aside from the testimony of Mr. Adams that he was not to receive that sum unless he rendered certain specified services which he did not .render, we have the fact that the time check for each month recited the services as car repairer, and not as carpenter, and allowed him fifty dollars and not fifty-five dollars for his work during that month. When the time check came into his hands it advised him that the company classed him as car repairer, and proposed to pay him as wages fifty dollars per month and no more. With notice that the company placed its entire indebtedness to him for his month’s work *11 at fifty dollars lie took-the money and signed a paper in which he acknowledged that his claim for • the month was settled in full.
It is laid down in the books in.general terms that a receipt for money is only prima facie evidence of payment, and may be explained or contradicted by parol evidence. Bnt the rule is applicable only to Cases where the money is dne and the amount is undisputed. If there is no disagreement as to the amount a receipt for a less sum, in full of the entire demand, does not bind the creditor, because it is without consideration. But the rule does not apply to a payment made before the maturity of the debt or to the acceptance of articles other than money in discharge of the liability.- — Fitch v. Sutton, 5 East 230; Pinnel’s Cases, 5 Co. 117; Boyd v. Hitchcock, 20 Johns. 76; Kellogg v. Richards, 14 Wend. 116; Bonnell v. Chamberlin, 26 Conn. 487.
Neither is the rule applicable to the settlement of an unliquidated demand effected fairly, and with full knowledge of all the facts; and a receipt in full given upon such settlement is conclusive against the party giving it. A claim is liquidated when the' amount due is fixed by law or has been ascertained and agreed upon by the parties, otherwise it is not; and when it is not, payment of whatever amount received in full settlement of the debt extinguishes the claim, and the receipt, given upon the settlement can be avoided only upon evidence of the same nature as that required to set aside a contract. N.or. is the settlement affected by the fact that the 'creditor receives only what the debtor concedes to be due or-that-he takes the money under protest, still' asserting his claim' to the balance. — Simmons v. Almy, 103 Mass. 33; Railroad Co. v. Allen, 46 Ark. 217; Treat v. Price, 47 Neb. 875; Tanner v. Merrill, 108 Mich, 58; Fuller *12 v. Kemp, 138 N. Y. 231; Fuller v. Crittenden, 9 Conn. 401; Guldager v. Rockwell, 14 Colo. 459.
In the case at bar the parties disagreed as to the terms of the plaintiff’s employment. He claimed he was to receive fifty-five dollars per month. For the defendant it was denied that he was to receive that sum except upon a condition which was never performed. He had previously been working for the defendant at fifty dollars per month; the company continued his employment at the same figure, and a time check for that sum was regularly delivered to him which entitled him to the money provided he should receive it in full payment of the amount due him. He was not compelled so to receive it. He could have asserted his claim by a proper proceeding and had the disputed question settled. But when with knowledge that the money was payable to him on condition of a full discharge of the company from liability on account of wages then due he voluntarily took it, he assented to the company’s terms, and the receipt which he gave concludes him.
The judgment will be reversed and remanded for dismissal of the action. Reversed.