[Civ. No. 146.      Second Appellate District.—February 28, 1906.]

# SIERRA LAND AND CATTLE COMPANY, Respondent, v. W. J. BRICKER et al., Appellants.

SALE OF HORSES—CONDITION OF SATISFACTION—ACTION TO RECOVER BACK MONEY PAID—DEMAND AND REFUSAL—RESCISSION NOT INVOLVED—BREACH OF CONTRACT.—An action by a corporation to recover back money paid for the purchase of horses from the defendants under contract, that if, after trial, they should prove unsatisfactory, they should be returned at the expense of defendants, and that they should repay the purchase money, which defendants refused to perform, after notice that the horses had proved unsatisfactory, and an offer of plaintiff to return them, with demand for repayment, involves no question of rescission, but is based upon a breach of contract, the cause of action for which accrued when defendants refused to perform their part of the contract.

ID.—EVIDENCE—INCORPORATION OF PLAINTIFF—ARTICLES—RECEIPT IN CORPORATE NAME.—The articles of incorporation of the plaintiff with the proper filing marks thereon were evidence of the filing thereof and of the due incorporation of plaintiff. A written receipt in evidence from which it appears that the defendants contracted with the plaintiff in its corporate name, and received money therefrom, is also proof of incorporation, as well as of the receipt of the money.

ID.—EFFECT OF BREACH OF CONTRACT—REFUSAL OF OFFER TO RETURN PROPERTY—DEPOSITARY FOR HIRE.—Under the contract established, when defendants refused to receive the property upon the offer to return it, the same became the property of the defendants, and the plaintiff thereafter held it as a depositary for hire, in pursuance of section 1503 of the Civil Code.

ID.—RETENTION AND USE OF HORSES BY DEPOSITARY—PLEADING—IMMATERIAL EVIDENCE.—Where no issue was tendered by the defendants as to any violation of plaintiff's duty as a depositary of the horses for hire, all testimony received with reference to the use or retention of the horses by plaintiff, after the offer to return them was refused by defendants, was immaterial under the pleadings.

ID.—EVIDENCE OF UNSATISFACTORY CONDITION OF HORSES.—Evidence as to the unsoundness of one of the horses purchased was proper as indicating the reasonable character of the claim of plaintiff that the team was unsatisfactory; and even if that fact was unnecessary to be shown, no prejudice could result from such evidence.

Id.—Unaccepted Offer of Performance—Satisfaction of Contract.
Where the offer of performance of plaintiff's contract to return the
horses, if unsatisfactory, was made and refused, the contract was
satisfied on plaintiff's part. There is no necessity, under section
1406 of the Civil Code, actually to produce the thing to be de-
livered, upon an offer of performance, unless the offer is accepted.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order denying a new trial.
D. K. Trask, Judge.

The facts are stated in the opinion of the court.

Will D. Gould, and E. C. Oggel, for Appellants.

B. W. Hahn, and Hahn & Hahn, for Respondent.

ALLEN, J.—Action for money. Verdict and judgment
for plaintiff, from which judgment, and an order denying a
new trial, defendant appeals.

Plaintiff avers in its complaint that it purchased a span
of horses from defendants upon an agreement that if, after
trial, the same should prove unsatisfactory, such horses should
be returned and defendants would repay the purchase money,
together with expenses of shipping to the place of trial, and
expenses incident to such trial. Further, that the team, upon
trial, was found to be unsatisfactory, and plaintiff immedi-
ately notified defendants of such fact, offered to return said
horses, and demanded the repayment of the money, all of
which defendants refused. Defendants deny all of the alle-
gations. The evidence in the record is sufficient to support
the verdict. No question of rescission is involved. The ac-
tion is based upon a contract, the breach of which is clearly
shown. The articles of incorporation of the plaintiff, with
the filing marks thereon, were evidence of the proper
filing of such articles and the due incorporation of the plain-
tiff, even were such proof necessary, when we consider the
written receipt in evidence from which it appears that the
defendants contracted with the plaintiff in its corporate
name and received money admitted thereby to have been
money of the plaintiff. This written receipt was competent
evidence in the regard just mentioned, as well as tending to
prove the actual receipt of the money, which was denied.

Under the contract established, when defendants refused to receive the property upon the offer to return, the same became the property of the defendants, and plaintiff thereafter held that same as a depositary for hire. (Civ. Code, sec. 1503.) There is no issue pending in the case involving any counterclaim or demand growing out of a violation of the plaintiff's duty as such depositary, and all testimony received with reference to the use or retention of the horses under the pleadings was immaterial. Plaintiff is the real party in interest, as shown by the receipt and other competent testimony. The evidence with reference to the unsoundness of one of the horses was not improper, as indicating the reasonable character of the claim of the plaintiff that the team was unsatisfactory; even when that fact is unnecessary to be shown, no prejudice could result to defendants by such proof. An agreement to return if unsatisfactory is satisfied when an offer is made and refused. "The thing to be delivered need not in any case be actually produced upon an offer of performance unless the offer is accepted." (Civ. Code, sec. 1496.) The cause of action accrued when defendants refused to perform their part of the contract. (Civ. Code, sec. 1440.)

We discover no merit in the many other specifications of error in anywise prejudicial to defendants, or worthy of notice.

Judgment and order affirmed.

Gray, P. J., and Smith, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 4, 1906.