(January 28, 1909.)

MOISE GAGNON, Respondent, v. CHARLES F. MOLDEN, Appellant.

[99 Pac. 965.]

BREACH OF CONTRACT—ACTION FOR DAMAGES—CONSTRUCTION OF CONTRACT—ADMISSION OF EVIDENCE.

1. In a contract made and entered into between G. and M., whereby G. promises and agrees to pay to M. the sum of $1,650 for one hundred inches of water and a water right delivered upon G.'s lands, and M. agrees to furnish and deliver the required amount of water, and the deferred payments are to bear interest from the date of the contract, and the first installment is to fall due one year from the date of the contract, and in the event M. furnishes the water from the People's canal, G. is to pay $550 as first installment and the balance in one year thereafter; but in the event M. furnishes the water from the American Falls canal, G. is to pay $200 as first installment and $200 annually thereafter; *held*, that the contract and agreement contemplates the furnishing and delivering the water on G.'s land prior to the date of the maturity of the first installment, and that a failure to furnish and deliver the water on or before the date fixed for the first annual installment, constitutes a breach of the contract and furnishes ground for action by G. for damages.

2. Where a contract provides for the performance of certain labor or delivery of certain articles on the one hand, and payment for the purchase price by the other party, the acts cannot be concurrently performed, and the question as to which act is to be per-

formed first must be determined from the nature of the contract and the character of the subject matter.

3. Where the plaintiff alleges the execution of a certain contract between himself and the defendant, and that he paid a certain sum as a part of the consideration concurrently with the execution of the contract, and the defendant denies the payment as part of the purchase price, it is error for the court to exclude evidence offered by the defendant to show that the sum claimed to have been paid was in fact paid for and in consideration of another contract and was a part of another transaction, and constituted no part of the purchase price on the contract involved in the action.

4. In an action for damages alleged to have been caused by reason of defendant failing to comply with his contract to sell and deliver upon plaintiff's land a water right and a certain number of inches of water, it is error to admit evidence as to the value of buildings and improvements made by the plaintiff upon the lands in order to show the amount of damages sustained by him, unless it appears that no like water right could have been purchased at the time of the breach of the contract or at any time thereafter prior to the trial.

5. ID.—In such case the measure of damages sustained is the difference between the contract price for the sale and delivery of the water and the price for which such water and water right can be acquired at the time of the breach of the contract, together with whatever sum the purchaser had paid on the purchase price for such water and water right.

· (Syllabus by the court.)

APPEAL from the District Court of the Sixth Judicial District, for the County of Bingham. Hon. J. M. Stevens, Judge.

Action by plaintiff for damages for breach of contract. Judgment for plaintiff and defendant appealed. *Reversed.*

John W. Jones, for Appellant.

If either the vendor or the vendee wish to compel the other to fulfill his contract, he must make his part of the agreement *precedent,* and cannot proceed against the other without an actual performance of the agreement on his part, or a tender and refusal; and an averment to that effect is always made in the declaration upon contracts containing dependent undertakings, and that averment must be supported by the

proof. (*Davis v. Jeffris,* 5 S. D. 352, 58 N. W. 816; *Tonge v. Newell,* 4 N. Y. Supp. 906, 16 App. Div. 500; *Hall v. Little,* 85 N. Y. Supp. 653, 89 App. Div. 524; *Higgins v. Eagleton,* 50 N. E. 287, 155 N. Y. 466; *Gillum v. Dennis,* 4 Ind. 417; *Irwin v. Lee,* 34 Ind. 319; *Russ Lumber & Mill Co. v. Muscupiabe etc. Co.,* 120 Cal. 521, 65 Am. St. Rep. 186, 52 Pac. 995; *McCroskey v. Ladd,* 96 Cal. 455, 31 Pac. 558; *Underwood v. Tew,* 7 Wash. 297, 34 Pac. 1100; 3 Ency. of Evidence, 821, and cases cited.)

"Where material allegations of the complaint are denied by the answer, the defendant may cross-examine the plaintiff's witnesses to disprove those allegations." (*Idaho Merc. Co. v. Kalanquin,* 8 Ida. 101, 66 Pac. 933; 3 Ency. of Evidence, 826.)

A. T. Ryan, and A. M. Bowen, for Respondent.

Generally speaking, the courts will hold covenants to be mutual and concurrent, but this construction always gives way to manifest intent. There are, however, contracts where the law will always presume, unless it otherwise appears by the contract, that the performance of the act or acts should precede payment, such as building contracts, manufacturing contracts and contracts for personal services. This proceeds upon the theory that it is impossible to concurrently perform a building contract and make payment at the same time. (*Coburn v. City of Hartford,* 38 Conn. 290; *Thompson v. Phelan,* 22 N. H. 339; *Cadwell v. Blake,* 72 Mass. 402.) Whether a contract obligation is independent or dependent, or, in other words, should be performed first or only on condition that the other party do something, is one of intent to be gathered from the whole instrument. (Wharton, Contracts, sec. 554 et seq.; *Nesbitt v. McGehee,* 26 Ala. 748.)

Where the performance by defendant is a precedent condition to payment or performance by plaintiff, plaintiff need allege nor prove nothing more than a readiness and willingness to perform. (*Nesbitt v. McGehee, supra; North Am. Oil Co. v. Forsyth Bros.,* 48 Pa. 291; *Cress v. Blodgett,* 64 Mo. 449.)

AILSHIE, J.—This is an appeal from a judgment and order denying a motion for a new trial. The first assignment of error is that the court erred in overruling defendant's demurrer to the complaint. The complaint alleges that the plaintiff and defendant on November 17, 1903, entered into a contract, which is set out in *haec verba;* that plaintiff had paid the defendant $550, the first payment provided for by the contract, and the further sum of $100 as shown by an indorsement on the contract, and that he stands ready and willing to make the other payments as provided for in the contract, upon the performance by the defendant of his part of the contract. It is further alleged that defendant failed, neglected and refused to comply with his part of the contract or to convey the water or water right as stipulated in the contract, and prays for $1,500 damages for breach thereof. The contract sued upon is as follows.

"This agreement, made and entered into the 17th day of November, 1903, between C. F. Molden, party of the first part, and Moise Gagnon, party of the second part, WITNESSETH:

"That the first party in consideration of $550 (five hundred fifty dollars) to him in hand paid, receipt whereof is hereby acknowledged, and for the further consideration of eleven hundred dollars ($1,100), and interest at 6 per cent per annum to be paid in the manner and at the times hereinafter set forth, the said first party agrees to convey and deliver to the said second party upon the following described real estate situated in Bingham county, Idaho, to wit: the SW. ¼ of NW. ¼, NE. ¼ of SW. ¼, NW. ¼ of SW.¼ and SW. ¼ of NE. ¼ Sec. 11, township 3 South, Range 33 East, a water right of one hundred inches of water in either the People's canal, a corporation, or the American Falls Canal and Power Company's Canal, a corporation, provided, however, that if said water right is furnished in the said People's canal it shall be conveyed to said land through said American Falls Canal and Power Co.'s canal and diverted as though it were taken from said last named canal.

"It is understood and agreed by and between the parties that in consideration of the covenants herein the said second

party agrees to pay five hundred fifty dollars with interest at 6 per cent per annum on November 17, 1904, and the balance in one year from said last named date with interest at six per cent per annum and should said water right be given in the American Falls Canal and Power Co.'s canal, said deferred payments are to be made as follows: two hundred dollars annually with interest at 6 per cent per annum until paid.''

Defendant demurred on the ground that the complaint does not state facts sufficient to constitute a cause of action. It is urged by appellant that both the complaint and contract alleged are silent as to the time when the defendant was to perform his part of the contract, and that it necessarily follows that the covenants are mutual, and that before plaintiff can maintain an action on the contract for breach thereof, he must show that he has made all the payments provided for as constituting the purchase price or allege a tender of payment. Plaintiff, on the contrary, insists that by the terms of the contract itself, the defendant is impliedly obligated to deliver and convey the water and water right prior to November 17, 1904, the date of maturity of the first installment; that an analysis of the contract discloses that the purchase price for the water right described in the contract was $1,650, and that $550 was paid at the time of the execution of the contract, and that the balance of $1,100 was to draw interest at six per cent per annum from the date of the contract. For and in consideration of this sum, the defendant agreed ''to convey and deliver to the second party upon the following described real estate . . . . a water right of one hundred inches of water in either the People's Canal, a corporation, or the American Falls Canal and Power Co.'s Canal, a corporation.'' Now, by the first part of the contract the defendant agreed, in consideration of the purchase price, to convey and deliver to and upon the plaintiff's land a water right of one hundred inches. By the subsequent part of the agreement ''it is understood and agreed by and between the parties that in consideration of the covenants herein, the said second party agrees to pay $550 with interest at six per cent

per annum on November 17, 1904, and the balance in one year from said last named date, with interest at six per cent per annum, and should said water right be given in the American Falls Canal and Power Co.'s Canal, said deferred payments are to be made as follows: two hundred dollars annually with interest at six per cent per annum until paid." In other words, the plaintiff agreed, in consideration of the conveyance and delivery of water and water right, to pay the defendant the further sum of $1,100 in installments, the amount of which was to be determined by and was dependent upon the fact of his receiving water from the People's canal or the American Falls canal. If from the former, the installment was to be $550, and if from the latter, $200. It stands, therefore, as a self-evident fact that the amount of the annual installments which the plaintiff was to pay could neither be determined by him nor the defendant until it was first determined from which canal plaintiff should receive the water and water right. It may be further observed that the amount of the installment was not to be determined upon the defendant electing as to the canal from which he would, sometime in the future, furnish and deliver the water and water right, but by the terms of the contract it was made to depend upon the water right being *"given in"* the American Falls canal or the People's canal. There is only one reasonable conclusion to be reached from the terms of this agreement, and that is that the defendant was to furnish, convey and deliver the water to the plaintiff at sometime prior to November 17, 1904, the date on which the first payment was to mature. This contract differs materially from a contract to sell and convey a lot or tract of land. In the latter case the payment of the money and delivery of the deed are mutual and concurrent acts. In the case at bar, however, the defendant had to perform certain acts and cause work and labor to be done before his part of the contract could be completed. The ditches were to be constructed through which to carry this water; the water was to be procured from some source or other, and it was to be actually delivered to and upon the plaintiff's premises, and that required time, labor and the expendi-

ture of money. These acts could not be done concurrently with the payment by plaintiff of the balance of the purchase price. These facts alone take the case out of the rule announced in appellant's authorities (*Davis v. Jeffries*, 5 S. D. 352, 58 N. W. 816; *Higgins v. Eagleton*, 155 N. Y. 466, 50 N. E. 287; *Powell v. Dayton*, 14 Or. 356, 12 Pac. 665; *Russ Lumber & Mill Co. v. Muscupiabe Land & Water Co.*, 120 Cal. 521, 65 Am. St. Rep. 186, 52 Pac. 995; *McCroskey v. Ladd*, 96 Cal. 455, 31 Pac. 558; *Underwood v. Tew*, 7 Wash. 297, 34 Pac. 1100), and place it within the rule announced by the authorities cited by respondent (*Caldwell v. Blake*, 72 Mass. 402; *Nesbitt v. McGehee*, 26 Ala. 748; *North American Oil Co. v. Forsyth Bros. & Co.*, 48 Pa. 293; 1 Wharton on Contracts, secs. 554, 557).

A great number of errors are assigned as having been committed by the court in the admission and rejection of evidence. We shall not deal with them separately, but will call attention to the more important ones. As above stated, the plaintiff alleged that he made payment of $550 at the time of the execution of the contract. The defendant denied that allegation, and, as a separate defense thereto, alleged that in a transaction involving $550 this consideration passed to one George E. Eggleston as the consideration for an assignment of a desert land entry, but that no part of that consideration was to apply on the contract sued upon. At the trial the defendant asked the plaintiff, on cross-examination, how much of the $550 alleged to have been paid on the contract was for the relinquishment of the land and how much was paid for this water right. The court refused to allow the question to be answered. The defendant when on the witness-stand also offered to testify himself concerning this first payment of $550 and what it was for, and to show that in fact it was not a part of the purchase price for the water right. The court refused to allow him to testify to these facts. This was clearly error. The defendant had an undoubted right to cross-examine the plaintiff concerning this payment, and also to prove by himself or other witnesses that the payment was not in fact made, or, if made, it was on

another contract and the consideration for some other transaction. This evidence went to the very vitals of the defense to the extent of the $550, and was essential to the defense. It is true that the contract acknowledges receipt of this sum of money, but that is open to contradiction if it can be shown that such is not in fact true. The receipt for the payment of the money is not conclusive and may be contradicted. Of course it would take stronger oral testimony to overcome this evidence, but the defendant was clearly entitled to contradict this receipt if he could do so.

Exception was also taken by the appellant to the action of the court in permitting plaintiff to introduce evidence as to the extent and value of buildings and improvements he made upon his land in anticipation of receiving water under the contract. Under this ruling of the court, the plaintiff proved the value of the buildings and other improvements made by him on the land. This went to the jury, and was evidently considered by them in making up their verdict as to the amount of damages to be recovered by plaintiff. This was clearly erroneous. It was not the true measure of damages. The proper measure of damages in such case would be the difference between the contract price for the water and water right and its delivery upon the land and the price that it would cost to purchase a like water right and equal number of inches of water delivered upon his land at the time of the breach of the contract. If, however, it should appear that no water right could be purchased either at the time of the breach or at any time thereafter prior to the trial, it would then be necessary to admit evidence of the nature and character of that introduced in this case in order to arrive at the actual damage sustained through and on account of the breach of the contract. In this connection it would be proper and necessary to prove how much the plaintiff had paid on the contract, because if he is not to receive the consideration, he should, among other things, recover the money paid by him on the contract.

On account of the foregoing errors, it will be necessary to grant a new trial. We find no substantial error in the

other rulings of the court to which exceptions have been taken.

The judgment is reversed and a new trial granted.    Costs awarded in favor of appellant.

Stewart, J., concurs.