(No. 6263.   April 22, 1936.)

NETTIE VAN WINKLE, Respondent, v. FRED VAN WINKLE et Ux., Appellants.

[57 Pac. (2d) 692.]

Walter Griffiths, for Appellants.

Z. Reed Millar and James H. Hawley, for Respondent.

AILSHIE, J.—In June, 1927, Geo. Van Winkle purchased a forty-acre farm in Canyon County from A. L. McConaughey and wife. He traded in a car and assumed two mortgages (one for $750 and the other for $1500) held by the Federal Land Bank of Spokane. Five or six months later Van Winkle transferred possession of this property to his son, appellant herein, with an oral agreement of sale in consideration of cancelation of loan of $430 previously made to him by appellant. Appellant canceled his father's debt and took possession of the property; at the same time he assumed payment of the two mortgages held by the land bank. No deed was given to the property at that time, just a verbal agreement between father and son; the son "figured," he said, that his father's "word was as good as bond at the time." However, a deed containing an error in description was made to appellant and filed on December 18, 1931; owing to the error in description of the land conveyed, a correction deed was later filed on April 24, 1933.

Appellant regarded himself as owner of the property and resided there with his family from December, 1927, until the spring of 1934. He paid taxes for the years 1928 and 1929 and water charges up to and including 1933. He made improvements on the property; put floor in house, shingled the roof, rebuilt henhouse, moved trees, dug some ditches and put culvert under the road, built a fence and fixed up corrals

and put up a brooder house. Appellant paid out various amounts on the Federal Land Bank mortgages.

In December, 1925, respondent (sister of Geo. Van Winkle and aunt of appellant) loaned Geo. Van Winkle $2,000 for which he executed a promissory note, payable December, 1926. In December, 1931, the note not having been paid respondent sued the maker, Geo. Van Winkle, and obtained judgment. She thereafter caused execution to issue on the judgment and had this tract of land, then occupied by appellant, levied upon and sold as the property of the judgment debtor, Geo. Van Winkle. Sheriff's certificate was issued and after the expiration of a year from the isuance of certificate sheriff's deed was issued to respondent.

This action was brought by respondent to quiet title, for restitution and for damages for withholding possession. The case was tried and findings of fact and conclusions of law were made to the effect that respondent had acquired title to the property by sheriff's certificate of sale on execution issued on April 1, 1932; that the attempted conveyance by George Van Winkle to appellant was made to delay, hinder and defraud creditors; and that appellants are without any right or title in or to the property. Judgment was entered quieting title against appellants and enjoining them from claiming or asserting any right, title or interest to the land and premises; and that respondent have immediate possession of the same and recover from appellants the sum of $600 and costs. This appeal is from the judgment.

A number of errors have been assigned: the first one is directed against the action of the court in refusing to admit in evidence defendants' proposed Exhibit No. 3 which consisted of seven letters from the Federal Land Bank of Spokane. The other assignments go to the sufficiency of the evidence to support the findings of fact and conclusions of law made by the trial court. The principal, and perhaps the decisive, finding, is No. 5, which reads as follows:

''That the attempted conveyance to defendant, Fred Van Winkle, by his father, George Van Winkle, on December 18th, 1931, was made by said grantor with intent to delay, hinder and defraud the creditors of the grantor, and particularly the plaintiff, who, at that time, was one of his creditors; that

the defendants had knowledge of such intent; *that there was no contract or agreement prior to the last said date between said George Van Winkle and these defendants, or either of them, relative to the conveyance of the above described property, or any part thereof; that the said attempted conveyance made by said George Van Winkle to said defendant, Fred Van Winkle, was for a grossly inadequate consideration made while a suit was pending against the grantor;* that the same was hastily made out of the ordinary course of business at a time when the grantor was in debt, and at a time when said property constituted practically all that grantor owned; that defendants and each of them were familiar with George Van Winkle's circumstances and had full knowledge of all the circumstances.''

It is contended that there is no substantial evidence to support this finding and of course if that be true the judgment cannot stand. This finding involves the very essence and crux of the case. We are unable to find in the record substantial evidence to support that part of the foregoing finding which we have italicized.

Since this case must be sent back to the trial court for a new trial we shall refrain from discussing or expressing any opinion on the evidence further than may seem necessary in order to convey our views to the trial court upon material legal aspects of the case presented as they will necessarily arise on a retrial.

It is undisputed that appellant had some kind of negotiation with his father about December, 1927, looking to his taking possession of the land, as purchaser or otherwise, and paying taxes, assessments and the two Federal Land Bank mortgages; and that at the same time and as a part of the same transaction he released and canceled his father's indebtedness to him in the sum of $430. From that time on until the trial of this case appellant exercised exclusive control and performed all the visible acts of ownership of the land while the father exercised none of those acts and asserted no claim to the land. The execution of the deed followed in 1931. If there has been sufficient part performance of this agreement to bring the case within the exception to the statute of frauds (sec. 16–504, I. C. A.; *Havlick v. Davidson*, 15

Ida. 787, 791, 100 Pac. 91; *King v. Seebeck*, 20 Ida. 223, 118 Pac. 292; *Wolf v. Eagleson*, 29 Ida. 177, 157 Pac. 1122), the consummation of the agreement might be eventually enforced by action for specific performance in which eventuality this transfer could not be adjudged fraudulent. The validity of the transfer cannot be determined solely upon what occurred at the time of the execution, either of the deed in 1931 or the correction thereof made in 1933. The good faith or fraudulent character of the conveyance must be determined on all the facts arising from the time of the original agreement between appellant and his father down to the time of the execution of the deed. The former can no more be disregarded than the latter.

■ We are also impressed with the disparity between the evidence and finding as to the "inadequate consideration made while a suit was pending against the grantor." The finding evidently refers to the time when the deed was made from George to appellant. The evidence, however, shows that all the consideration that was ever paid was prior to that time and principally in 1927; some subsequently. We find no evidence showing the market or actual value of the place either in 1927 or in 1931 when the deed was made. It is true that the deed recited a consideration of $4,000 but that recital would in this case constitute only *prima facie* evidence of the consideration paid and is overcome by evidence of the true consideration.

"The recital in a deed that the consideration has been paid is *prima facie* evidence as between the parties and those claiming under them, but as to strangers and persons claiming in opposition the recital is no evidence as to the consideration paid." (*Adams Oil & Gas Co. v. Hudson*, 55 Okl. 386, 155 Pac. 220, 222; *Parker v. Parker*, 75 Okl. 234, 182 Pac. 697, 700. 11 A. L. R. 720; *Royer v. Kelly*, 174 Cal. 70, 161 Pac. 1148; *Equitable Surety Co. v. Conners*, 27 Colo. App. 213, 147 Pac. 438, 439; 22 C. J., p. 1157, sec. 1555, note 53.)

However, it is undisputed that George Van Winkle purchased the property from A. L. McConaughey in June, 1927, and he says that he "traded a car on the proposition and it is pretty hard to tell how much the car was worth," and assumed the payment of two mortgages in favor of the Fed-

eral Land Bank of Spokane, one for $1,500 and one for $750; and that these payments_ *constituted the whole consideration* paid by him on purchasing the land from McConaughey in June, 1927. In December, 1927, when it is claimed the land was sold or contracted to the son, appellant, the latter appears to have paid his father substantially the same amount for the place that the father had paid McConaughey (assuming, for the purposes of this statement, that the car was probably not worth a great deal more than the $430 paid by Fred to his father), and assumed the mortgage and lien obligations. So it does not appear that the evidence as it now stands supports the finding of ''inadequate consideration.''

In case the court finds upon a retrial that the transfer of this land was not fraudulent the following discussion will be of no consequence in this case. If, however, the court eventually finds on retrial that the transaction was fraudulent and that the deed from George Van Winkle to Fred Van Winkle should be canceled as having been made in fraud of a creditor (Miss Van Winkle), it will still be the duty of the court of equity to find just how much appellant has paid on the Federal Land Bank mortgages and the amount of taxes he has paid, and also to ascertain the value of the permanent improvements that he has placed on the land or made for its benefit (3 Pomeroy's Eq. Juris., p. 2978, sec. 1241; 31 C. J., pp. 313, 314, secs. 14–17); and after offsetting improvements against rents that may be found due, or *vice versa*, allow appellant a prior lien on the property for any balance remaining due on account of taxes paid and sums paid on the Land Bank mortgages.

It follows, therefore, that the court erred in refusing to admit parts of defendant's Exhibit No. 3. This exhibit consists of seven letters; a couple of them are of no particular importance in this case but the letter dated February 28, 1930, is an acknowledgment by the Federal Land Bank of the payment of $255 by appellant to apply on principal and interest on the two mortgages in question. Letter dated June 7, 1930, is an acknowledgment of receipt of $243.25 paid by appellant for like purposes; letter dated October 15, 1934, is acknowledgment of receipt of $42.47 which was applied on payment of principal and interest and letter dated October 17, 1934,

is an acknowledgment of payment of the sum of $31.85 to apply on the same indebtedness. These were receipts for payment and were admissible as *prima facie* evidence of payment. (*Gagnon v. Molden*, 15 Ida. 727, 734, 99 Pac. 965; *Berryman v. Dore*, 43 Ida. 327, 333, 251 Pac. 757; *Sierra Land & Cattle Co. v. Bricker*, 3 Cal. App. 190, 85 Pac. 665, 666.)

It follows from what has been said that the judgment herein must be reversed. The cause is remanded with direction to grant a new trial, and it is so ordered, with costs in favor of appellants.

Givens, C. J., and Budge and Holden, JJ., concur.

MORGAN, J., Concurring.—The judgment should be reversed and the cause remanded for a new trial, but I am not prepared to say the trial court, if it finds the conveyance was made in fraud of respondent should allow appellant, Fred Van Winkle, a lien on the property, prior to respondent's title, for any balance remaining after deducting the rental value thereof, during the time he has occupied it wrongfully, from the value of improvements he has placed on it and from sums paid by him in satisfaction of taxes and mortgage indebtedness.

Petition for rehearing denied.